UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

05 10324 NMG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ.<br>　　　　Plaintiff,<br><br>v.<br><br>FLEET BANK BOSTON,<br>　　　　Defendant. | Civil Action No. |

RECEIPT #_____
AMOUNT $_____
**NOTICE OF REMOVAL** ISSUED N/A
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____
DATE____

To:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
　　　FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. § 1446, defendant Bank of America, N.A. (erroneously named "Fleet Bank Boston" hereby files this Notice of Removal in the above-entitled action and sets out below the grounds for this Notice of Removal.

1.　On or about December 10, 2004, plaintiff Jay Odunukwe ("Odunukwe") filed a Complaint against Fleet Bank Boston *(sic)*, in Superior Court in Suffolk County, Massachusetts. Odunukwe served process of the Summons and Complaint on or about January 21, 2005 through service of the complaint by the Sheriff's Department of Suffolk County. This notice is being filed within the 30 day period required by 28 U.S.C. § 1446.

2.　The Complaint asserts that the Fleet branch located in Medway, Massachusetts refused to cash a check for him on May 14, 2002 and told him to leave the branch. Complaint, ¶¶ 4-6. The Complaint asserts that these actions "violated the discrimination laws of the state and federal government." Complaint, ¶ 15. The Complaint does not set out causes of action and does not specify the laws which plaintiff claims were violated.

This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, as plaintiff's claim of alleged violations of federal discrimination law "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. §1331.

3. A copy of all process and pleadings served upon defendant Fleet Bank Boston *(sic)* is being filed with this Notice of Removal and is attached as Exhibit A.

4. Defendant will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), including filing a copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, Massachusetts.

> BANK OF AMERICA, N.A., erroneously named FLEET BANK BOSTON *(sic)*,
> By its Attorneys,
>
> /s/ Carol Kamm
> Donn A. Randall, BBO# 631590
> Carol E. Kamm, BBO # 559252
> Bulkley, Richardson, and Gelinas LLP
> One Post Office Squire, Suite 3700
> Boston, Massachusetts 02109
> telephone: (617) 368-2500
> Facsimile: (617) 368-2525

Dated: February 17, 2005

## CERTIFICATE OF SERVICE

I, Carol E. Kamm, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on this 17th day of February, 2005, by first class mail, postage prepaid, upon the following counsel of record:

> Robert O. Berger
> 11 Beacon Street, Suite 1210
> Boston, MA 02108
>
> /s/ Carol Kamm
> Carol E. Kamm

(289934)



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                              SUFFOLK SUPERIOR COURT
                                         CASE NO. 04-5364 A

JAY ODUNUKWE, ESQ.    )
     PLAINTIFF        )
                      )
V.                    )
                      )
FLEET BANK BOSTON,    )
     DEFENDANT        )
_____)

## COMPLAINT AND JURY TRIAL DEMAND

1. The plaintiff resides in Boston, Suffolk County, Massachusetts. He is an American citizen who is of African decent and black.

2. The defendant is a duly incorporated banking business with its principal place of business in Boston, Suffolk County, Massachusetts.

3. On or about May 14, 2002, Jay Odunukwe drove to the Medway Fleet bank, located at 108 Main Street in Medway Massachusetts, to make a bank transaction. When he entered the bank at approximately 11:45 a.m., the bank was open for business.

4. Plaintiff joined the line of customers waiting to transact business with the bank. When he reached the teller window, he presented a check for $1,100.00, drawn on Fleet bank, made out in his name and endorsed by him. He also presented a valid Massachusetts driver's license and a valid American Express credit card.

5. The teller took the check and his identification cards, looked at them and handed them back to him and told him that the identifications were inadequate and that she would not cash his check.

6. Odunukwe asked the teller exactly what constituted adequate identification. She replied that a government issued identification with a picture or a passport and a major credit card. He told her that his Massachusetts driver's license qualified as a government issued identification and the American Express credit card was a major credit card.

7. The teller, raising her voice, told him she would not accept his identification cards and that he should leave because he would not be served. Odunukwe refused to leave. The teller still refused to cash his check.

8. Odunukwe reached for his wallet to produce a third identification card; his Suffolk University alumni identification with his picture on it. The teller rejected this third means of identification. She told him, again in a loud voice, to leave.

9. Odunukwe then requested to see the Manager. The Manager came over to the teller's window, took a quick glance at his check and his identification cards, said something to the teller, and then pushed the check and my Massachusetts driver's license, American Express credit card and Suffolk University identifications back to me. The manager told him that he would not be served and that he should leave the bank. He then asked the manager why his identification cards were unacceptable and the manager simply told him to leave. Odunukwe informed the manager that he would not leave since he presented valid identification cards as required by the law. He again requested to be served. The manager told him that he would be forcefully evicted if he did not leave. Odunuknwe did not move.

10. The manager then took the check and his identification cards and told him to step away from the teller window and that she would talk to Odunukwe as soon as she finished what she was doing. He stepped away from the teller window and went to the side.

11. The manager called him into her office. She then made a quick phone call and then dropped the phone. She gave the check and identification cards back to him and told him that he would not be served and that he must leave the bank and should he refuse, he would be forcefully removed.

12. Odunukwe then asked for an explanation to figure out what is going on and the manager stated that he would not be served and that he should leave the bank or he would be removed. He then told her that what they were doing to him was wrong, unfair and illegal. He told her that he would file a complaint against the bank with Fleet Bank Management for the discriminatory practice. Odunukwe then left the bank.

13. Plaintiff drove to another Fleet bank, located in Medfield Massachusetts, approximately two miles away. At the Medfield Fleet bank, he presented the same Massachusetts driver's license, American Express credit card and check to the teller. The teller cashed his check after reviewing his identification cards.

14. Plaintiff exhausted his administrative remedies and the MCAD entered a finding of probable cause to credit his claim of discrimination against the defendant.

15. As a result of the foregoing, the defendant violated the discrimination laws of the state and federal government and therefore is liable for damages for emotional distress, interest, costs and attorney fees.

WHEREFORE, the plaintiff seeks a judgment for damages, punitive damages, interest, costs and attorney fees.

                                            Respectfully submitted,

                                            Robert O. Berger
                                            11 Beacon Street, Suite 1210
                                            Boston, MA 02108
                                            617-423-7575
                                            BBO# 038900

4

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5364 A

Jay Odunukwe , Plaintiff(s)

v.

Fleet Bank Boston , Defendant(s)

## SUMMONS

To the above-named Defendant: Fleet Bank Boston, 175 Federal Street, Boston, MA

You are hereby summoned and required to serve upon Robert O. Berger, 11 Beacon St, Boston, MA 02108 plaintiff's attorney, whose address is _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 20th _____ day of January _____ , in the year of our Lord two thousand and four _____ .

A true copy
1/21/05
Deputy Sheriff Suffolk County

Michael Joseph Donovan
Clerk/Magistrate

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Jay Odunukwe, Esq.

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert O. Berger, Esq.
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423-7575

### DEFENDANTS
Fleet Bank Boston

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Donn A. Randall, Esq.
Carol E. Kamm, Esq.
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Ste. 3700
Boston, MA 02109   Tel. (617) 368-2500

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 incorporated under the laws of the United States |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges that he was discriminated against when he was not allowed to cash a check at a branch of Fleet National Bank.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No
no demand in body of complaint

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  none known by defendant  DOCKET NUMBER

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Odunukwe v. Fleet Bank Boston__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __none known__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Carol E. Kamm__
ADDRESS __Bulkley, Richardson and Gelinas, LLP, One Post Office Square, Ste. 3700, Boston, MA 02109__
TELEPHONE NO. __(617) 368-2500__

(Coversheetlocal.wpd - 10/17/02)