

*Suffolk Superior Civil # 04-5364A*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

05  10324 NMG

| | |
|---|---|
| JAY ODUNUKWE, ESQ.<br>      Plaintiff,<br><br>v.<br><br>FLEET BANK BOSTON,<br>      Defendant. | Civil Action No.<br><br><br><u>**NOTICE OF REMOVAL**</u> |

To: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446, defendant Bank of America, N.A. (erroneously named "Fleet Bank Boston" hereby files this Notice of Removal in the above-entitled action and sets out below the grounds for this Notice of Removal.

1. On or about December 10, 2004, plaintiff Jay Odunukwe ("Odunukwe") filed a Complaint against Fleet Bank Boston *(sic)*, in Superior Court in Suffolk County, Massachusetts. Odunukwe served process of the Summons and Complaint on or about January 21, 2005 through service of the complaint by the Sheriff's Department of Suffolk County. This notice is being filed within the 30 day period required by 28 U.S.C. § 1446.

2. The Complaint asserts that the Fleet branch located in Medway, Massachusetts refused to cash a check for him on May 14, 2002 and told him to leave the branch. Complaint, ¶¶ 4-6. The Complaint asserts that these actions "violated the discrimination laws of the state and federal government." Complaint, ¶ 15. The Complaint does not set out causes of action and does not specify the laws which plaintiff claims were violated.

This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, as plaintiff's claim of alleged violations of federal discrimination law "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. §1331.

3. A copy of all process and pleadings served upon defendant Fleet Bank Boston *(sic)* is being filed with this Notice of Removal and is attached as Exhibit A.

4. Defendant will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), including filing a copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, Massachusetts.

I HEREBY ATTEST AND CERTIFY ON
FEB. 22, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

BANK OF AMERICA, N.A., erroneously named FLEET BANK BOSTON *(sic)*,
By its Attorneys,

_____
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
telephone: (617) 368-2500
Facsimile: (617) 368-2525

Dated: February 17, 2005

### CERTIFICATE OF SERVICE

I, Carol E. Kamm, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on this 17th day of February, 2005, by first class mail, postage prepaid, upon the following counsel of record:

Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108

_____
Carol E. Kamm

(289934)

- 2 -

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        SUPERIOR COURT
                                                    CIVIL ACTION NO. 04-5364A

JAY ODUNUKWE, ESQ.              )
     Plaintiff                  )
                                )       **NOTICE OF FILING**
v.                              )       **OF NOTICE OF REMOVAL**
                                )
FLEET BANK BOSTON               )
     Defendant                  )

To:   THE HONORABLE JUSTICES OF THE SUFFOLK SUPERIOR
      COURT, COMMONWEALTH OF MASSACHUSETTS, AND ALL
      PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on the 17th day of February 2005, defendant, Bank of America, N.A., erroneously named Fleet Bank Boston, filed a Notice of Removal of this action to the United States District Court for the District of Massachusetts. A true copy of the Notice of Removal as so filed is attached hereto.

The State Court shall proceed no further.

                              BANK OF AMERICA., erroneously named
                              FLEET BANK BOSTON
                              By its Attorneys,

                              _____
                              Donn A. Randall, BBO# 631590
                              Carol E. Kamm, BBO # 559252
                              Bulkley, Richardson, and Gelinas LLP
                              One Post Office Squire, Suite 3700
                              Boston, Massachusetts 02109
                              telephone: (617) 368-2500
                              Facsimile: (617) 368-2525

Dated: February 17, 2005

## CERTIFICATE OF SERVICE

I, Carol E. Kamm, hereby certify that a true and accurate copy of the above document was served upon all counsel of record by first class mail, postage prepaid, on February 17, 2005.

_____
Carol E. Kamm

(#290575)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY ODUNUKWE, ESQ.<br>Plaintiff,<br><br>v.<br><br>FLEET BANK BOSTON,<br>Defendant. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

**To:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446, defendant Bank of America, N.A. (erroneously named "Fleet Bank Boston" hereby files this Notice of Removal in the above-entitled action and sets out below the grounds for this Notice of Removal.

1.  On or about December 10, 2004, plaintiff Jay Odunukwe ("Odunukwe") filed a Complaint against Fleet Bank Boston *(sic)*, in Superior Court in Suffolk County, Massachusetts. Odunukwe served process of the Summons and Complaint on or about January 21, 2005 through service of the complaint by the Sheriff's Department of Suffolk County. This notice is being filed within the 30 day period required by 28 U.S.C. § 1446.

2.  The Complaint asserts that the Fleet branch located in Medway, Massachusetts refused to cash a check for him on May 14, 2002 and told him to leave the branch. Complaint, ¶¶ 4-6. The Complaint asserts that these actions "violated the discrimination laws of the state and federal government." Complaint, ¶ 15. The Complaint does not set out causes of action and does not specify the laws which plaintiff claims were violated.

This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, as plaintiff's claim of alleged violations of federal discrimination law "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. §1331.

3. A copy of all process and pleadings served upon defendant Fleet Bank Boston (sic) is being filed with this Notice of Removal and is attached as Exhibit A.

4. Defendant will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), including filing a copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, Massachusetts.

BANK OF AMERICA, N.A., erroneously named FLEET BANK BOSTON (sic),
By its Attorneys,

_____
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
telephone: (617) 368-2500
Facsimile: (617) 368-2525

Dated: February 17, 2005

### CERTIFICATE OF SERVICE

I, Carol E. Kamm, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on this 17th day of February, 2005, by first class mail, postage prepaid, upon the following counsel of record:

Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108

_____
Carol E. Kamm

(289934)

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

### SUCV2004-05364
### Odunukwe Esq v Fleet Bank Boston

**FILED IN CLERK'S OFFICE**
**2005 FEB 22 P 3:28**
**DISTRICT COURT OF MASS**

| File Date | 12/10/2004 | Status | Disposed: transferred to other court (dtrans) |
| --- | --- | --- | --- |
| Status Date | 02/18/2005 | Session | A - Civil A |
| Origin | 1 | Case Type | E17 - Civil Rights Act (12.011H-1) |
| Lead Case | | Track | A |
| Service | 03/10/2005 | Answer | 05/09/2005 | Rule12/19/20 | 05/09/2005 |
| Rule 15 | 03/05/2006 | Discovery | 01/29/2007 | Rule 56 | 03/30/2007 |
| Final PTC | 07/28/2007 | Disposition | 12/10/2007 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Jay Odunukwe Esq
Active 12/10/2004

*Private Counsel 038900*
Robert O Berger III
11 Beacon Street
Suite 1210
Boston, MA 02108
Phone: 617-423-7575
Fax:
Active 12/10/2004 Notify

**Defendant**
Fleet Bank Boston
Served: 01/21/2005
Served (answr pending) 02/02/2005

*Private Counsel 559252*
Carol E Kamm
Bulkley Richardson & Gelinas
1 Post Office Square
Suite 3700
Boston, MA 02109
Phone: 617-292-2820
Fax: 617-292-0273
Active 02/17/2005 Notify

*Private Counsel 631590*
Donn A Randall
Bulkley Richardson & Gelinas
1 Post Office Square
Suite 3700
Boston, MA 02109
Phone: 617-368-2500
Fax: 617-368-2525
Active 02/18/2005 Notify

### ENTRIES

| Date | Paper | Text |
| --- | --- | --- |
| 12/10/2004 | 1.0 | Complaint |
| 12/10/2004 | | Origin 1, Type E17, Track A. |
| 12/10/2004 | 2.0 | Civil action cover sheet filed |
| 02/02/2005 | 3.0 | SERVICE RETURNED: Fleet Bank Boston(Defendant) (In hand on 1/21/05) |
| 02/17/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Bank of America, N. A ( erroneously named Fleet Bank Boston )U. S. Dist.#(05-1032NMG). |
| 02/18/2005 | | Case REMOVED this date to US District Court of Massachusetts |

case01 244394 y y y y y y                                    Page 1 of 2

I HEREBY ATTEST AND CERTIFY ON
**FEB. 22, 2005**
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUFFOLK SUPERIOR COURT
                                               CASE NO.

JAY ODUNUKWE, ESQ.  )
    PLAINTIFF       )                          04-53644
                    )
V.                  )
                    )
FLEET BANK BOSTON,  )
    DEFENDANT       )
_____)

## COMPLAINT AND JURY TRIAL DEMAND

1.     The plaintiff resides in Boston, Suffolk County, Massachusetts. He is an American citizen who is of African decent and black.

2.     The defendant is a duly incorporated banking business with its principal place of business in Boston, Suffolk County, Massachusetts.

3.     On or about May 14, 2002, Jay Odunukwe drove to the Medway Fleet bank, located at 108 Main Street in Medway Massachusetts, to make a bank transaction. When he entered the bank at approximately 11:45 a.m., the bank was open for business.

4.     Plaintiff joined the line of customers waiting to transact business with the bank. When he reached the teller window, he presented a check for $1,100.00, drawn on Fleet bank, made out in his name and endorsed by him. He also presented a valid Massachusetts driver's license and a valid American Express credit card.

5. The teller took the check and his identification cards, looked at them and handed them back to him and told him that the identifications were inadequate and that she would not cash his check.

6. Odunukwe asked the teller exactly what constituted adequate identification. She replied that a government issued identification with a picture or a passport and a major credit card. He told her that his Massachusetts driver's license qualified as a government issued identification and the American Express credit card was a major credit card.

7. The teller, raising her voice, told him she would not accept his identification cards and that he should leave because he would not be served. Odunukwe refused to leave. The teller still refused to cash his check.

8. Odunukwe reached for his wallet to produce a third identification card; his Suffolk University alumni identification with his picture on it. The teller rejected this third means of identification. She told him, again in a loud voice, to leave.

9. Odunukwe then requested to see the Manager. The Manager came over to the teller's window, took a quick glance at his check and his identification cards, said something to the teller, and then pushed the check and my Massachusetts driver's license, American Express credit card and Suffolk University identifications back to me. The manager told him that he would not be served and that he should leave the bank. He then asked the manager why his identification cards were unacceptable and the manager simply told him to leave. Odunukwe informed the manager that he would not leave since he presented valid identification cards as required by the law. He again requested to be served. The manager told him that he would be forcefully evicted if he did not leave. Odunuknwe did not move.

10. The manager then took the check and his identification cards and told him to step away from the teller window and that she would talk to Odunukwe as soon as she finished what she was doing. He stepped away from the teller window and went to the side.

11. The manager called him into her office. She then made a quick phone call and then dropped the phone. She gave the check and identification cards back to him and told him that he would not be served and that he must leave the bank and should he refuse, he would be forcefully removed.

12. Odunukwe then asked for an explanation to figure out what is going on and the manager stated that he would not be served and that he should leave the bank or he would be removed. He then told her that what they were doing to him was wrong, unfair and illegal. He told her that he would file a complaint against the bank with Fleet Bank Management for the discriminatory practice. Odunukwe then left the bank.

13. Plaintiff drove to another Fleet bank, located in Medfield Massachusetts, approximately two miles away. At the Medfield Fleet bank, he presented the same Massachusetts driver's license, American Express credit card and check to the teller. The teller cashed his check after reviewing his identification cards.

14. Plaintiff exhausted his administrative remedies and the MCAD entered a finding of probable cause to credit his claim of discrimination against the defendant.

15. As a result of the foregoing, the defendant violated the discrimination laws of the state and federal government and therefore is liable for damages for emotional distress, interest, costs and attorney fees.

WHEREFORE, the plaintiff seeks a judgment for damages, punitive damages, interest, costs and attorney fees.

Respectfully submitted,

Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
617-423-7575
BBO# 038900

I HEREBY ATTEST AND CERTIFY ON
FEB. 22, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

4

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-5364 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

PLAINTIFF(S): Jay Odunukwe

DEFENDANT(S): Fleet Bank Boston

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: Robert O. Berger, 11 Beacon St., Suite 1210, Boston, MA 02108

Board of Bar Overseers number: 038900

ATTORNEY (if known):

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.: E17
TYPE OF ACTION (specify): Civil Rights
TRACK: (A)
IS THIS A JURY CASE? (X) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ... $
  2. Total Doctor expenses ... $
  3. Total chiropractic expenses ... $
  4. Total physical therapy expenses ... $
  5. Total other expenses (describe) ... $
  Subtotal $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe) ... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

emotional distress

$400,000
TOTAL $400,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record: Robt. O.   DATE: 12/8/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON FEB. 22, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5364 A

Jay Odunukwe _____, Plaintiff(s)

v.

Fleet Bank Boston _____, Defendant(s)

## SUMMONS

To the above-named Defendant: Fleet Bank Boston, 175 Federal Street, Boston, MA

You are hereby summoned and required to serve upon Robert O. Berger,
11 Beacon St., Boston, MA 02108
plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 20th _____ day of January _____, in the year of our Lord two thousand and four _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

I HEREBY ATTEST AND CERTIFY ON
FEB. 22, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.