UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324

|  |  |  |
|---|---|---|
| JAY ODUNUKWE, ESQ. | ) | |
|     Plaintiff, | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF DEFENDANT'S MOTION** |
| v. | ) | **FOR MORE DEFINITE** |
| | ) | **STATEMENT** |
| FLEET BANK BOSTON, | ) | |
|     Defendant. | ) | |

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, defendant Bank of America, erroneously named "Fleet Bank Boston" hereby moves this Court to order plaintiff to set forth his causes of action upon which he bases his claim for relief in the captioned complaint. The reasons for this motion are set forth below.

**I.** *Background*

On or about December 10, 2004, plaintiff Jay Odunukwe filed a Complaint against Fleet Bank Boston *(sic)*, in Superior Court in Suffolk County, Massachusetts. Plaintiff asserts that the Medway, Massachusetts Fleet branch refused to cash a check for him on May 14, 2002 and told him to leave the branch. Complaint, ¶¶ 4-6. The Complaint asserts that these actions "violated the discrimination laws of the state and federal government." Complaint, ¶ 15. On or about February 17, 2005, the defendant removed the action to this Court.

**II.** *Argument*

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, plaintiff should be required to provide a more definite statement of the claims he is asserting against the defendant.

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). In the captioned case, plaintiff sets forth the facts upon which he purports to hold defendant liable, but he fails to set forth the claims or bases that he asserts provides a basis for relief. He alleges simply that state and federal discrimination laws were violated, without stating the law or laws that were allegedly violated. Plaintiff should be required to amend his complaint to provide a more definite statement as to the legal bases upon which he seeks to hold the defendant liable.

Rule 8 of the Federal Rules of Civil Procedure states that the complaint must contain a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). According to the Supreme Court, in order to be sufficient, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Cf. McDougall v. Donovan*, 552 F. Supp. 1206, 1208-09 (N.D. Ill. 1982) (denying motion for more definite statement because complaint set forth acts and omissions comprising breaches of fiduciary duty, time period, and legal bases for claims).

In the captioned case, the plaintiff has failed to give the defendant "fair notice" of his claim by simply stating that state and federal discrimination laws were violated. The complaint as pleaded is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive answer." Fed. R. Civ. P. 12(e). *See Fease v. Shrewsbury*, 188 F. Supp.2d 16,18 (D. Mass. 2002) (court dismissed complaint with leave to amend because of deficiencies in complaint, including the fact that seven counts in *pro se*

plaintiff's complaint alleged violation of civil rights without identifying which right or rights had been violated); *Nicolaysen v. BP Amoco Chemical Co.*, 2002 WL 1060587, 28 Employee Benefits Cas. 1831 (E.D. Pa. May 23, 2002) (court ordered plaintiff to filed second amended complaint setting forth their claims as separate counts because, among other things, "it is difficult to discern, with regard to each separate claim, the specific ERISA provision Plaintiffs contend Defendants violated"); *Lewis v. Textron Automotive Co.*, 935 F. Supp. 68, (D.N.H. 1996) (finding *pro se* plaintiff's complaint invoking provisions of WARN Act "ambiguous and legally 'unintelligble,'" court ordered plaintiff to redraw complaint to incorporate additional factual allegations and any additional claims to be asserted); *Redel's Inc. v. General Electric Co.*, 54 F.R.D. 443, 444 (S.D. Fla. 1972) (court held that allegation that arises under Clayton Act insufficient to "apprise defendant of the violations which plaintiff hopes to establish" and ordered plaintiff to amend complaint to inform defendant of "violations allegedly established by the facts"). Defendant may be prejudiced if required to answer the Complaint, as the appropriate affirmative defenses (if any) may not be asserted without knowledge of the specific law allegedly violated.

Unlike many instances in which a more definite statement is sought, the defendant in this case is not seeking factual information that is more properly obtained during discovery. *See* Fed. R. Civ. P. 12(e), comments to 1946 Amendment to subdivision (e) (motion for more definite statement confined to cases in which movant cannot reasonably be required to frame responsive pleading; "With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules..."). The information sought in this motion is a statement of the legal bases for

liability that should have been asserted in the complaint by plaintiff (who is represented by counsel) and may be objected to if sought during discovery.[1]

### III.   *Conclusion*

For the reasons set forth above, defendant asks this Court to order plaintiff to amend his complaint to set forth the legal claims and causes of action upon which he bases his claim for relief.

BANK OF AMERICA., erroneously named
FLEET BANK BOSTON
By its Attorneys,

    /s/ Carol E. Kamm
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
telephone:  (617) 368-2500
Facsimile:  (617) 368-2525

Dated:  March 1, 2005

(#290424)

---

[1] The plaintiff's counsel will often object to interrogatories or deposition questions that ask the plaintiff to identify or explain the legal basis for his/her claims, on the grounds that the question calls for a legal conclusion.