UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL NO. 1:05-CV-10324

```
_____
JAY ODUNUKWE, ESQ.     )
      PLAINTIFF        )
                       )
V.                     )
                       )
FLEET BANK BOSTON,     )
      DEFENDANT        )
_____)
```

## OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT

The complaint here shows that relief is possible under any set of facts that could be established consistent with the allegations. In *Morales-Vallellanes v. Potter*, 339 F.3d 9 at 14 (1st Cir. 2003), the First Circuit limned the law for adequate pleading in the First Circuit; namely, that under the liberal "notice pleading" requirements of Rule 8 of the Federal Rules of Civil Procedure:

> A complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8.... [A] complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations.

*See also Fitzgerald v. Codex Corp.,* 882 F.2d 586, 589(1st Cir. 1989). The defendant cites only conflicting lower court decisions that came before *Morales-Vallellanes.* This motion is vexatious and frivolous, especially as the plaintiff pointed out the First Circuit authority in conference before the filing of the motion for more definite statement. The First Circuit decision nevertheless is omitted in the defendant's motion and memorandum. Therefore, the motion for more definite statement must be denied.

Moreover, this case has been litigated administratively in the Equal Employment Opportunity Commission and the Massachusetts Commission against Discrimination (with discovery and a finding of probable cause for the plaintiff.) The agencies invoke for their jurisdiction Massachusetts General Laws Chapter 151 B §1, et seq. Chapter 272, §§ 92 A, 98 et seq., 11, Title II of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 1981, et seq. The bank defendant is on notice of the theories of the case from the administrative process. To have separate counts for each separate remedial law in this case would cause confusion. Its presumed knowledge of labor and employment law also would per force implicate Massachusetts General Laws Chapter 12 §§ 11 H and I.

Here a reader of the complaint would require practiced obtuseness not to understand the nature of the discriminatory offense charged. Indeed, when read as a whole, fairly athletic word-chopping is necessary to read the absence of a recognizable offense or confusion in the complaint.

The facts are precise and set forth clearly. The allegations are as follows. The plaintiff is an American citizen, who is of Nigerian African decent and black, and a member of the bar of Massachusetts. The defendant is a duly incorporated banking business with its principal place of business in Boston, Suffolk County, Massachusetts (and remains liable for claims after it ceases doing business). On or about May 14, 2002, Jay Odunukwe drove to the Medway Fleet bank, located at 108 Main Street in Medway Massachusetts, to make a bank transaction. When he entered the bank at approximately 11:45 a.m., the bank was open for business. Plaintiff joined the line of customers waiting to transact business with the bank. When he reached the teller window, he presented a check for $1,100.00, drawn on Fleet bank, made out in his name and

endorsed by him. He also presented a valid Massachusetts driver's license and a valid American Express credit card. The teller took the check and his identification cards, looked at them and handed them back to him and told him that the identifications were inadequate and that she would not cash his check. Odunukwe asked the teller exactly what constituted adequate identification. She replied that a government issued identification with a picture or a passport and a major credit card. He told her that his Massachusetts driver's license qualified as a government issued identification and the American Express credit card was a major credit card. The teller, raising her voice, told him she would not accept his identification cards and that he should leave because he would not be served. Odunukwe refused to leave. The teller still refused to cash his check.

Odunukwe reached for his wallet to produce a third identification card; his Suffolk University alumni identification with his picture on it. The teller rejected this third means of identification. She told him, again in a loud voice, to leave. Odunukwe then requested to see the Manager. The Manager came over to the teller's window, took a quick glance at his check and his identification cards, said something to the teller, and then pushed the check and my Massachusetts driver's license, American Express credit card and Suffolk University identifications back to him. The manager told him that he would not be served and that he should leave the bank. He then asked the manager why his identification cards were unacceptable and the manager simply told him to leave. Odunukwe informed the manager that he would not leave since he presented valid identification cards as required by the law. He again requested to be served. The manager told him that he would be forcefully evicted if he did not leave. Odunuknwe did not move.

The manager then took the check and his identification cards and told him to step away from the teller window and that she would talk to Odunukwe as soon as she finished what she was doing. He stepped away from the teller window and went to the side. The manager called him into her office. She then made a quick phone call and then dropped the phone. She gave the check and identification cards back to him and told him that he would not be served and that he must leave the bank and should he refuse, he would be forcefully removed. Odunukwe then asked for an explanation to figure out what is going on and the manager stated that he would not be served and that he should leave the bank or he would be removed. He then told her that what they were doing to him was wrong, unfair and illegal. He told her that he would file a complaint against the bank with Fleet Bank Management for the discriminatory practice. Odunukwe then left the bank. Plaintiff drove to another Fleet bank, located in Medfield Massachusetts, approximately two miles away. At the Medfield Fleet bank, he presented the same Massachusetts driver's license, American Express credit card and check to the teller. The teller cashed his check after reviewing his identification cards. Plaintiff exhausted his administrative remedies and the MCAD entered a finding of probable cause to credit his claim of discrimination against the defendant.

As a result of the foregoing, the defendant willfully and intentionally violated the discrimination laws of the state and federal government involving a public facility, and therefore is liable for damages for emotional distress, punitive damages, interest, costs and attorney fees.

WHEREFORE, the plaintiff seeks denial of the motion, and an assessment of attorney fees[1].

                                                  Respectfully submitted,

                                                  /s/ Robert O. Berger
Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
617-423-7575
BBO# 038900

---

[1] The defendant bank falsely accuses a fellow lawyer of sloppiness. The court should try to enforce a modicum of civility by sanctioning the bank for its practiced obtuseness and its fairly athletic word-chopping and precedent-skipping.

5