UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ.<br>      Plaintiff,<br><br>v.<br><br>FLEET BANK BOSTON,<br>      Defendant. | **REPLY TO<br>PLAINTIFF'S OPPOSITION TO<br>DEFENDANT'S MOTION FOR<br>MORE DEFINITE STATEMENT** |

The defendant Fleet Bank Boston (*sic*) hereby replies to plaintiff's Opposition to Motion for More Definite Statement ("Opposition"). For the reasons set forth below and in the Motion for More Definite Statement ("Motion"), the defendant asks this Court to grant its Motion and to deny plaintiff's request for attorneys fees.

1. *Morales-Vallellanes* does not establish a standard for minimum adequate pleading and does not preclude this Court from granting the Motion for More Definite Statement.

   Plaintiff's claim that *Morales-Vallellanes v. Potter*, 339 F.3d 9 (1st Cir. 2003) "limned the law for adequate pleading in the First Circuit" is incorrect. (Plaintiff's Opposition, at 1). Instead, *Morales* addressed the issue of whether plaintiff's *inadequate* pleading barred him from asserting a Title VII claim.

   In *Morales*, the complaint failed to cite any statutory basis for relief. Adopting the recommendation of the magistrate judge, the district court had determined that the retaliation and discrimination claims were actionable only under the collective bargaining agreement and granted summary judgment on all claims. *Id.* at 12, 17. In reversing this decision, the First Circuit initially noted that the failure to cite any statutory basis "complicates our review of [plaintiff's] claims . . . . [The omissions] create an ambiguity

1

as to whether [plaintiff's] claims arise solely under the anti-discrimination clause of the [collective bargaining agreement] or whether plaintiff also intended to plead a cause of action under Title VII of the Civil Rights Act of 1964." *Id*. at 14.  Citing the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court held that "this deficiency is not fatal to plaintiff's case" and construed the complaint to include a Title VII claim. *Id.* at 14-15.  According to the First Circuit, such a construction was required to do substantial justice and prevent the complaint from being dismissed if there was any theory under which relief was possible.

The *Morales* decision does not establish a standard for minimum adequate pleading.  On the contrary, the Court clearly viewed the complaint as deficient, but construed the complaint to include a Title VII claim in order to avoid injustice.  The import of *Morales* and *Fitzgerald v. Codex Corp.* (the First Circuit case cited in *Morales*) is that the plaintiff will not be limited to the claims and theories contained in the complaint, if they are found deficient and another viable theory of relief exists.  The fact that a viable theory exists, however, does not require the Court -- or opposing counsel -- to determine what those claims might be.  Accordingly, in denying motions to dismiss because a viable claim exists, courts within this district have nonetheless required the plaintiff to file an amended pleading asserting the viable claims.  *See, e.g., Ouellette v. Trustees of Plumbers and Pipefitters of Local 4 Pension Fund*, 150 F. Supp.2d 322, 325 (D. Mass. 2001) (Gorton, J.) (finding that preemption under ERISA did not compel dismissal, but stated that "this Court is not in the business of drafting claims for plaintiffs" and required plaintiff to file amended complaint setting forth ERISA claims); *Williams v. HealthAlliance Hospitals, Inc.*, 135 F. Supp. 2d, 106, 111 (D. Mass. 2001)

(Gorton, J.) (same); *Analog Devices, Inc. v. Allied Van Lines, Inc.*, 1996 WL 208463 (D. Mass. 1996) (Wolf, J.) (applying *Fitzgerald*, court found that facts stated a viable claim and denied motion to dismiss provided plaintiff filed an amended pleading under Carmack Amendment). Plaintiff should be required to file an amended pleading setting forth the claims upon which he believes he is entitled to relief.

2.    <u>Plaintiff's request for attorneys fees is baseless and should be denied</u>.

Plaintiff's claim that attorneys fees should be assessed because of alleged incivility and false accusations of sloppiness in the Motion is without merit and should be denied. (Plaintiff's Opposition, at 5 & n.1). Nowhere in the Motion is there an accusation of sloppiness; the motion simply asks plaintiff to assert the legal claims upon which relief is sought in his complaint.

Indeed, plaintiff's claims are belied by the Rule 7.1 conferences that took place regarding the Motion. Counsel for the parties spoke three times by telephone on February 28, 2005 and March 1, 2005 regarding the Motion. During these conversations, plaintiff's counsel referenced the *Morales* decision and his belief that this decision entitled (if not required) plaintiff to file a complaint that did not cite any statutory basis for relief. Counsel for defendant reviewed the case and expressed her view that *Morales* did not require or authorize the pleading to be vague regarding the legal bases for relief and that, in fact, the First Circuit's review was complicated by the pleading deficiencies in that case. Plaintiff's counsel suggested that plaintiff amend his complaint by right and listed several potential claims. Counsel discussed and had essentially agreed on a joint motion to extend the date for filing a responsive pleading, in order to allow plaintiff to file an amended pleading. Plaintiff's counsel changed his mind and told defendant's

3

counsel to file the Motion and he would decide how he wanted to handle the Motion. These conversations demonstrate that plaintiff's counsel, an experienced practitioner, did not consider the Motion to be without merit and was working with defendant's counsel to resolve defendant's issues related to the complaint when he changed his mind for unstated reasons. Plaintiff's claim of incivility and frivolousness are thus at odds with plaintiff's own actions in attempting to resolve the issues presented by the Motion.

      For the reasons set forth in the Motion for More Definite Statement and above, defendant asks this Court to allow the Motion and deny plaintiff's request for attorneys fees.

BANK OF AMERICA., erroneously named
FLEET BANK BOSTON
By its Attorneys,

    /s/ Carol E. Kamm
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
Telephone: (617) 368-250
Facsimile: (617) 368-2525

Dated: March 14, 2005