UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ.<br>　　　　　Plaintiff,<br><br>　　v.<br>FLEET BANK BOSTON,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SCHEDULING STATEMENT OF DEFENDANT, FLEET BANK BOSTON *(SIC)*, FOR INITIAL SCHEDULING CONFERENCE**

Pursuant to the Notice of Scheduling Conference dated June 8, 2005, and in accordance with Federal Rule of Civil Procedure 16(b) and Local Rule 16.1, counsel for Defendant Fleet Bank Boston *(sic)* ("Fleet") submits the following statement. Counsel were unable to confer regarding the proposed schedule prior to the vacation of plaintiff's counsel this week. Therefore, this Statement is submitted on behalf of Fleet alone. Plaintiff's counsel did indicate generally that he would be in agreement with whatever schedule Fleet proposed.

A.    **Proposed Agenda of Matters to Be Discussed At Scheduling Conference**

　　　　1.    Establishment of date for hearing on the parties' summary judgment motions.

　　　　2.    Establishment of a Pretrial Schedule, as necessary, including discovery, motions, amendments to pleadings or, in the alternative, establishment of a case management conference

　　　　3.    Settlement

B.    **Proposed Pretrial Schedule**

On June 7, 2005, plaintiff served Plaintiff's Motion for Partial Summary Judgment for Liability under 42 U.S.C. §1981 ("Plaintiff's Summary Judgment Motion"). On June 21, 2005, Fleet opposed Plaintiff's Summary Judgment Motion and served a Cross Motion of Defendant Fleet Bank Boston *(sic)* for Summary Judgment ("Fleet's Summary Judgment Motion").

Fleet proposes that discovery in this case be postponed until after the Court has ruled on the parties' motions for summary judgment. If the Court grants Fleet's Summary Judgment Motion, plaintiff's complaint would be dismissed and there would be no further proceedings. If Plaintiff's Summary Judgment Motion were allowed, some discovery would be needed on plaintiff's damages, as he has moved for summary judgment on liability only. Therefore, Fleet proposes the following schedule in the event that the Court denies both summary judgment motions or allows Plaintiff's Summary Judgment Motion. The proposed schedule sets forth a time period for each event to take place, commencing on the date of the Court's decision on summary judgment. The exact dates for each deadline would be established after the Court's decision on summary judgment. In the alternative, if both summary judgment motions are denied or Plaintiff's Summary Judgment Motion is allowed, Fleet suggests that the Court schedule a case management conference to establish any necessary pre-trial and trial dates and to address Fleet's Motion for More Definite Statement.

|     | Event | Deadline |
| --- | --- | --- |
| 1.  | Completion of automatic disclosure | 1 month |
| 2.  | Completion of all non-expert discovery | 4 months |
| 3.  | Plaintiff's expert report served | 5 months |
| 4.  | Defendants' expert report served, deposition of plaintiff's expert completed | 6 months |
| 5.  | Plaintiff's rebuttal to defendants' expert report served, deposition of defendants' expert completed | 7 months |
| 6.  | Filing of dispositive motions on any additional grounds | 8 months |
| 7.  | Filing of opposition to dispositive motions | 9 months |
| 8.  | Rebuttal to opposition to dispositive motions filed | 9.5 months |
| 9.  | Hearing on dispositive motions | To be Determined by the Court |
| 10. | Trial | To be Determined by the Court |

**C.     Settlement Proposal**

Plaintiff has not submitted a settlement proposal to counsel for Defendant.

**D.     Certification Regarding Budget and Alternative Dispute Resolution**

The Certification signed by counsel and a representative of Fleet affirming that Fleet has conferred with counsel regarding establishing a budget for the costs of litigation and regarding use of alternative dispute resolution in this litigation will be submitted to the Court at or prior to the initial scheduling conference on August 16, 2005.

Dated:   August 9, 2005

> Respectfully submitted:
>
> The Defendant
> BANK OF AMERICA, erroneously named FLEET
> BANK BOSTON
>
>           /s/ Carol E. Kamm
> Donn A. Randall, BBO No. 631590
> Carol E. Kamm, BBO No. 559252
> Bulkley, Richardson and Gelinas, LLP
> One Post Office Square, Suite 3700
> Boston, MA  02109
> Tel. (617) 368-2500
> Fax. (617) 368-2525

(doc.#305033)