UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL NO. 1:05-CV-10324

```
JAY ODUNUKWE, ESQ.    )
     PLAINTIFF        )
                      )
V.                    )
                      )
BANK OF AMERICA,      )
     DEFENDANT        )
                      )
```

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Now comes the plaintiff and amends his complaint as of right prior to the filing of a responsive pleading under the provisions of Rule 15 and pursuant to the order of court of August 16, 2005, as follows:

### PARTIES

1. The plaintiff resides in Boston, Suffolk County, Massachusetts. He is an American citizen who is of African decent and black.

2. The defendant is a duly incorporated banking business with its principal place of business in Boston, Suffolk County, Massachusetts and is successor in interest of Fleet Bank.

### FACTS

3. On May 14, 2002, Mr. Odunukwe went to the Medway Fleet bank in Medway Massachusetts to make a bank transaction. When he entered the

bank at approximately 11:45am, the bank was open for business. Plaintiff joined the line of customers waiting to transact some business in the bank. When he reached the teller window, he presented to the teller a check for $1,100 drawn on Fleet bank, made out in his name and endorsed by him. He also presented a Massachusetts driver's license and a valid American Express credit card to the teller.

4. The teller took the check and his identification cards, looked at them and pushed them back to him and told him that the identifications were inadequate and that she will not cash his check.

5. Odunukwe asked the teller exactly what constituted adequate identification. The teller replied that a government issued identification with a picture or a passport and a major credit card. Plaintiff told the teller that his Massachusetts driver's license qualified as a government issued identification and the American Express credit card was a major credit card.

6. The teller, raising her voice, told him that she will not accept his identification cards and that he should leave. Odunukwe refused to leave. The teller refused to serve him.

7. Odunukwe reached for his wallet to produce <u>a third</u> identification card; his Suffolk University alumni identification with his picture on it. The teller rejected this third means of identification. She told him, again in a loud voice, to leave.

8. Totally surprised and embarrassed, Odunukwe requested to speak to the Manager.

9. The Manager came over to the teller's window, took a quick glance at Plaintiff's check and his identification cards, said something to the teller, and then pushed the check and the Massachusetts driver's license, American Express credit card and Suffolk University identification card back to him. The Manager told him that he will not be served and that he should leave the bank.

10. He asked the Manager why his identification cards were unacceptable and she simply told him to leave. Odunukwe informed the Manager that he will not leave since he presented valid identification cards as required by law. He again requested to be served.

11. The Manager then told him he will be forcibly removed if he did not leave. Odunukwe did not move.

12. After a few minutes, the Manager took the check and Plaintiff's identification cards and told him to step away from the teller window and that she would talk to him as soon as she finished what she was doing.

13. Odunukwe stepped away from the teller window and went to the side. A few moments later the Manager called him into her office.

14. Inside her office, she made a quick phone call, dropped the phone and gave him the check and identification cards back and told that he will not be served and that he must leave the bank.

15. Odunukwe then asked for an explanation to figure out what is going on and the Manager told him to leave the bank or he would be removed. He then told the Manager that what they were doing to him was wrong, unfair and illegal. He told her that he will file a complaint against the bank with Fleet Bank Management for the discriminatory practice.

16. The Manager again ordered him to leave her office and the bank. Odunukwe got up and left. He felt totally disgraced, humiliated and worthless.

17. Odunukwe was the only black customer at the bank all the time he was at this Fleet Bank on May 14, 2002 and he was the only one denied service.

18. Plaintiff drove to another Fleet Bank located in Medfield Massachusetts about two miles away. At the Medfield Fleet bank, he presented the same Massachusetts driver's license, American Express credit card and check to the teller. The teller, an African-American female cashed his check after reviewing his identification cards and verifying the transaction with her supervisor.

19. Plaintiff also made a check deposit at this Medfield branch.

20. Plaintiff filed a complaint with Fleet Customer Service department in Pennsylvania and demanded an investigation and an apology.

21. Plaintiff filed a complaint with Massachusetts Commission Against Discrimination (MCAD) when Fleet Bank Management failed to address his complaint.

22. Plaintiff exhausted his administrative remedies and the MCAD entered a finding of probable cause to credit his claim of discrimination against the defendant after an eighteen (18) month investigation.

### *Count I- General Laws Chapter 151 B §1, et seq.*

23. Plaintiff realleges all paragraphs of the amended complaint.

24. As a result of the foregoing racial discrimination, the defendant willfully and intentionally violated the discrimination laws of the state and federal government, including but not limited to General Laws Chapter 151 B §1., et seq.

### *Count II- Chapter 272, § 92 A*

25. Plaintiff realleges all paragraphs of the amended complaint.

26. As a result of the foregoing racial discrimination, the defendant willfully and intentionally violated the discrimination laws of the state and federal government, including but not limited to General Laws Chapter 273 § 92A.

### Count II- Chapter 98 et seq., 11

27. Plaintiff realleges all paragraphs of the amended complaint.

28. As a result of the foregoing racial discrimination, the defendant willfully and intentionally violated the discrimination laws of the state and federal government, including but not limited to General Laws 98 et seq., 11.

### Count IV- Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, et seq.,

29. Plaintiff realleges all paragraphs of the amended complaint.

30. As a result of the foregoing racial discrimination, the defendant willfully and intentionally violated the discrimination laws of the state and federal government, including but not limited to Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, which extends the reach of the statute to situations beyond the four corners of a particular contract; the extension applies to those situations like these facts in which a merchant such as defendant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits of, a contractual relationship, in a commercial establishment context, liability will attach when a plaintiff receive[s] services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

## Count V- Title VII of the Civil Rights Act of 1964

31.     Plaintiff realleges all paragraphs of the amended complaint.

32. As a result of the foregoing racial discrimination, the defendant willfully and intentionally violated the discrimination laws of the state and federal government, including but not limited to Title VII of the Civil Rights Act of 1964.

WHEREFORE, the plaintiff seeks a judgment for damages, punitive damages, interest, costs and attorney fees.

Respectfully submitted,

*Robert O. B*
Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
617-423-7575
BBO# 038900
Plaintiff's Attorney