UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ. | ) |
|         Plaintiff, | ) |
| v. | ) |
| BANK OF AMERICA | ) |
|         Defendant. | ) |

## ANSWER OF DEFENDANT BANK OF AMERICA

Defendant Bank of America, N.A. (erroneously named Bank of America) ("Bank of America") hereby answers the Amended Complaint of plaintiff Jay Odunukwe, Esq. ("Plaintiff") as follows:

### FIRST DEFENSE

#### PARTIES

1. Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2. In response to paragraph 2, defendant states that its correct name is Bank of America, N.A., that it is the successor in interest to Fleet National Bank and that it is a national banking association organized and existing under the laws of the United States with a place of business at 100 Federal Street, Boston, Suffolk County, Massachusetts.

FACTS

3. Bank of America admits the truth of the first sentence of paragraph 3 of the Amended Complaint. Bank of America admits that the bank was open for business but is without knowledge or information regarding the remaining allegations of the second and third sentences of paragraph 3. Bank of America admits the allegations contained in the fourth sentence of paragraph 3. Bank of America denies the allegations contained in the fifth sentence of paragraph 3 of the Amended Complaint.

4. Bank of America admits that the teller told plaintiff that she was unable to cash his check because he did not have two acceptable forms of identification and otherwise denies the allegations contained within paragraph 4 of the Amended Complaint.

5. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Bank of America denies the allegations contained within paragraph 6 of the Amended Complaint.

7. Bank of America denies the allegations contained within paragraph 7 of the Amended Complaint.

8. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Bank of America denies the allegations contained within paragraph 9 of the Amended Complaint.

10. Bank of America denies the allegations contained within paragraph 10 of the Amended Complaint.

11. Bank of America denies the allegations contained within paragraph 11 of the Amended Complaint.

12. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Bank of America admits that the manager called the Plaintiff into her office, and is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Bank of America admits that the manager made phone calls while the Plaintiff was in her office and that she told him that she was unable to cash his check, and denies the remaining allegations contained within paragraph 14 of the Amended Complaint.

15. Bank of America denies the allegations contained within the first sentence of paragraph 15 of the Amended Complaint. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 15 of the Amended Complaint.

16. Bank of America denies that the manager ordered the Plaintiff to leave her office and the bank. Bank of America admits that the Plaintiff did at some point leave the manager's office. Bank of America is without knowledge or sufficient

information to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint.

17. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Bank of America admits the Plaintiff went to a Fleet branch in Medfield, Massachusetts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 18 of the Amended Complaint. Bank of America denies the remaining allegations contained within paragraph 18 of the Amended Complaint.

19. Bank of America admits the allegations contained in paragraph 19 of the Amended Complaint.

20. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Bank of America admits that the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD), and is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Amended Complaint.

22. Bank of America admits that plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination and that the MCAD made a finding of probable cause. Bank of America denies that the probable cause finding is admissible in this action and is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Amended Complaint.

### Count I – General Laws Chapter 151 B §1, et seq.

23. Bank of America repeats and re-alleges by reference its responses to paragraphs 1-22 of the Amended Complaint as if set forth herein.

24. Bank of America denies the allegations contained in paragraph 24 of the Amended Complaint.

### Count II – Chapter 272, § 92A

25. Bank of America repeats and re-alleges by reference its responses to paragraphs 1-24 of the Amended Complaint as if set forth herein.

26. Bank of America denies the allegations contained in paragraph 26 of the Amended Complaint.

### Count II (*sic*) – Chapter 98 et seq., 11

27. Bank of America repeats and re-alleges by reference its responses to paragraphs 1-26 of the Amended Complaint as if set forth herein.

28. Bank of America denies the allegations contained in paragraph 28 of the Amended Complaint.

### Count IV – Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, et seq.

29. Bank of America repeats and re-alleges by reference its responses to paragraphs 1-28 of the Amended Complaint as if set forth herein.

30. Bank of America denies the allegations contained in paragraph 30 of the Amended Complaint.

## Count V – Title VII of the Civil Rights Act of 1964

31. Bank of America repeats and re-alleges by reference its responses to paragraphs 1-30 of the Amended Complaint as if set forth herein.

32. Bank of America denies the allegations contained in paragraph 32 of the Amended Complaint.

### SECOND DEFENSE

The complaint fails to state any claim upon which relief can be granted.

### THIRD DEFENSE

One or more of plaintiff's claims may be barred for failure to exhaust administrative remedies.

### FOURTH DEFENSE

The Defendant had legitimate, nondiscriminatory reasons for all of its actions or inactions with respect to matters referred to in the Amended Complaint.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### SIXTH DEFENSE

The Plaintiff has not suffered any damages.

### SEVENTH DEFENSE

The Defendant is not liable for conduct of non-supervisory employees.

### EIGHTH DEFENSE

The Defendant is not a place of public accommodation.

**NINTH DEFENSE**

The Plaintiff is not entitled to punitive damages because the Defendant's conduct has not been outrageous because of evil motive, malice or reckless indifference to the rights of others with respect to the matters referred to in the Amended Complaint.

**TENTH DEFENSE**

The plaintiff has failed to act reasonably to mitigate damages, if any.

**ELEVENTH DEFENSE**

One or more of plaintiff's claims is barred because no private right of action exists to assert one or more of plaintiff's claims.

WHEREFORE, Bank of America respectfully requests that this Court:

a.  dismiss all counts of the Plaintiff's Amended Complaint with prejudice and award attorneys fees and costs to defendant, Bank of America.

b.  Award such other relief as the Court deems just and proper.

> Respectfully submitted,
>
> BANK OF AMERICA, N.A. (erroneously named Bank of America)
> By its attorneys,
>
> /s/ Carol E. Kamm
> Donn A. Randall, BBO No. 631590
> Carol E. Kamm, BBO No. 559252
> Bulkley, Richardson and Gelinas, LLP
> One Post Office Square, Suite 3700
> Boston, MA  02109
> Tel:  (617) 368-2500
> Fax:  (617) 368-2525

Dated:  September 13, 2005

(doc. #306674)