UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ.<br>            Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT BANK OF AMERICA'S RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

**I.  Introduction**

Pursuant to Local Rule 56.1 of the Local Rules of the Federal District Court for the District of Massachusetts, the defendant, Bank of America, N.A. (hereinafter referred to as "Fleet") submits the following statement of material facts of record as to which there is no genuine issue to be tried.  This Court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor on summary judgment. *Beasley v. Aramark Uniform and Career Apparel, Inc.,* 2006 WL 1216622 (D. Mass. 2006) (citing *O'Connor v. Steeves*, 994 F.2d 9-5, 907 (1st Cir. 1993)).  Therefore Fleet does not dispute the following facts for the purposes of this summary judgment motion only.[1]  All evidence cited below is attached to the accompanying Affidavit of Carol E. Kamm, which shall be referred to as **"Kamm Aff."**

---

[1] Although Fleet must accept plaintiff's version of the facts for the purposes of summary judgment, many of the facts set forth in this section are strongly disputed by Fleet, and would be in dispute at trial or in opposition to any summary judgment motion filed by plaintiff.  In any event, Fleet believes that the facts it would dispute do not raise any genuine issues of material fact.

1

As is set forth in the accompanying memorandum of law in support of Motion of Defendant Bank of America for Summary Judgment, the undisputed facts related to plaintiff's claim mandate summary judgment for Fleet.

## II. Statement of Material Facts

1. Plaintiff is an American citizen of African descent and is black. (Amended Complaint and Jury Trial Demand, ¶1).

2. On May 14, 2002, plaintiff entered the Medway Fleet bank located at 108 Main Street in Medway, Massachusetts ("Medway Fleet branch") to cash a check. Plaintiff was not a Fleet customer as of May 14, 2002 and had never previously been inside the Medway Fleet branch. (Deposition of Jay Odunukwe dated August 5, 2004, at 18-20) **[Kamm Aff., Ex. 1]**.

3. Plaintiff presented a check for $1100.00 to Medway teller Marybeth McHardy to be cashed. Fleet's check cashing identification policy required a non-Fleet customer cashing a check over $500 to present two types of acceptable identification. Plaintiff asserts that he presented a Massachusetts driver's license and an American Express card to Ms. McHardy. Ms. McHardy looked at this identification and told him that he did not have proper identification and could not cash his check. (Affidavit of Marybeth McHardy) **[Kamm Aff., Ex. 2]**; (Dep. of Jay Odunukwe dated August 5, 2004, at 25-28) **[Kamm Aff., Ex. 1]**

4. Plaintiff claims that he produced a third form of identification, a Suffolk University alumni identification. According to plaintiff, Ms. McHardy returned the Suffolk ID to him, telling him that it was only good at Suffolk and had expired. He asserts that she then repeated in a raised, firm voice that she could not serve him. (Deposition of Jay

2

          Odunukwe dated August 5, 2004, at 29-32) **[Kamm Aff., Ex. 1].** Plaintiff testified that at this point he also raised his voice and told Ms. McHardy that he had proper identification and would not leave. (Deposition of Jay Odunukwe dated August 5, 2004, at 31-32) **[Kamm Aff., Ex. 1].**

5. Plaintiff then asked to speak with Ms. McHardy's manager. Ms. McHardy left the teller window briefly and returned with the branch manager, Jean Brennan. (Deposition of Jay Odunukwe dated August 5, 2005, at 32) **[Kamm Aff., Ex. 1];** (Affidavit of Marybeth McHardy) **[Kamm Aff., Ex. 2]**.

6. Ms. Brennan looked at plaintiff's identification and told him that he did not have proper identification and had to leave. (Deposition of Jay Odunukwe dated August 5, 2004, at 34-35) **[Kamm Aff., Ex. 1].**

7. Fleet's check cashing identification policy in effect in May 2002 required plaintiff, as a non-Fleet customer cashing a check over $500, to provide two forms of approved identification. The policy listed the forms of approved identification. Student identification cards are not included on this list. ( Brennan Affidavit, ¶5 and Ex. A thereto) **[Kamm Aff., Ex. 3]**.

8. According to plaintiff, Ms. Brennan told him that he had to leave or they would evict him. He told her he was not going anywhere. (Deposition of Jay Odunukwe dated August 5, 2004, at 37-38) **[Kamm Aff., Ex. 1].**

9. Ms. Brennan then asked plaintiff to come into her office. Plaintiff agreed to do so. (Deposition of Jay Odunukwe dated August 5, 2005, at 38) **[Kamm Aff., Ex. 1]**.

10. Ms. Brennan made a phone call while plaintiff was in her office. Ms. Brennan has attested that she attempted to contact the drawer of the check, Joy Odunukwe, to confirm

that Ms. Odunukwe intended to give the check to plaintiff.  (Affidavit of Jean Brennan, ¶3 **[Kamm Aff., Ex. 3]**.   Plaintiff does not know whether she attempted to contact the drawer of the check to determine whether or not it was valid and does not recall if she said anything on the telephone.  (Deposition of Jay Odunukwe dated August 5, 2004, at 40-41) **[Kamm Aff., Ex. 1]**.

11. After Ms. Brennan hung up the phone, plaintiff claims that she told him that she could not cash the check  and that he had to leave the bank or they would forcibly remove him. According to plaintiff, he told her that what she has done is illegal and he then left. Plaintiff estimates that his interaction with Ms. Brennan lasted three minutes, and his interaction with Ms. McHardy lasted approximately five minutes.  (Deposition of Jay Odunukwe dated August 5, 2005, at 42-43) **[Kamm Aff., Ex. 1]**.

12. Plaintiff testified that neither Ms. McHardy nor Ms. Brennan had mentioned his race or made any derogatory comments to him on May 14, 2002.  (Deposition of Jay Odunukwe dated April 19, 2004, at 56) **[Kamm Aff., Ex. 1]**.

13. Plaintiff testified that he does not know whether other Fleet customers were treated differently than he was treated.  (Deposition of Jay Odunukwe dated April 19, 2006, at 57-58) **[Kamm Aff., Ex. 5].**

14. After leaving the Medway Fleet branch, plaintiff went to the Fleet branch in Medfield, Massachusetts ("Medfield Fleet branch").  He presented a check drawn on Ms. Odunukwe's account in the amount of $1,100 to be cashed.  According to plaintiff, he presented a Massachusetts driver's license, and an American Express credit card for identification.  The teller called over a white female to her window who initialed something and left.  He does not know if it was some form of approval for the

4

transaction. (Deposition of Jay Odunukwe dated April 19, 2006, at 46-47) **[Kamm Aff., Ex. 1]**. Pamela Martin, branch operations manager at the Medfield Fleet branch in May 2002, has attested that she made an exception to the check cashing policy to allow plaintiff to cash the check. (Affidavit of Pamela Martin, ¶¶2-3) **[Kamm Aff., Ex. 4]**.

15. Fleet's check cashing identification policy requires the type of identification, numbers (except for credit cards) and expiration date to be noted on the front, top portion of the check. (Martin Affidavit, ¶4 and Exhibit B thereto, at page 3 of 8) **[Kamm Aff., Ex. 4]**. If a credit card is used as a form of identification, the type of credit card and expiration date are to be recorded on the check and the credit card number must be written on the journal tape that records the transaction. (Id.) As Ms. Martin attests, there is no credit card type and expiration date recorded on the check plaintiff cashed, nor is there a credit card number written on the journal tape. The check plaintiff cashed in this case has only one form of identification noted on the front of the check, which is plaintiff's driver's license number. (Id., ¶4 and Exhibit A thereto) **[Kamm Aff., Ex. 4]**. See also Deposition of Jay Odunukwe dated August 5, 2004, at 22-23 and Dep. Ex. 1; *id*. at 45-46 and Dep. Ex. 2 (identifying the check he cashed and the deposit he made at the Medfield branch) **[Kamm Aff., Ex. 1]**.

BANK OF AMERICA, N.A. (erroneously named Bank of America)
By its attorneys,

   /s/ Carol E. Kamm
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
Telephone: (617) 368-250
Facsimile: (617) 368-2525

Dated: May 15, 2006
(doc. # 388901)

5