UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NG

|  |  |
|---|---|
| JAY ODUNUKWE, ESQ.<br>            Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE REGARDING PUNITIVE DAMAGES**

Defendant, Bank of America *(sic)* ("Defendant" or "Bank of America"), respectfully moves this Court *in limine* to exclude any testimony regarding punitive damages, including but not limited to testimony regarding the wealth or net worth of the defendant Bank of America, to preclude plaintiff from arguing that he is entitled to punitive damages, and to preclude the giving of any instruction on punitive damages in this case.

Plaintiff is already precluded from seeking to introduce testimony from Bank of America witnesses or exhibits on punitive damages because he has failed to list any such witnesses or exhibits in the Joint Pretrial Memorandum. To the extent that he seeks to admit such evidence, however, Bank of America asks that he be precluded from doing so, and from arguing to the jury that he is entitled to punitive damages or receiving a jury instruction that punitive damages should be awarded. His expected evidence fails as a matter of law to demonstrate the requisite level of outrageousness or evil intent required for an award of punitive damages. In addition, Bank of America, as successor to Fleet, cannot be held liable for punitive damages based on the

actions of its predecessor's employees.  Finally, Bank of America cannot be held liable for punitive damages resulting from the actions of its low-level employees.

I.     **Statement of the Claims and Expected Testimony**

Plaintiff has two claims that will be tried to the jury.  Count II asserts a claim under G.L. c. 272, §98, which makes it a criminal offense to discriminate based on, *inter alia,* race in the admission to or treatment of any persons in a place of public accommodation, and provides a civil right to be free from such discrimination.  Count IV asserts a claim under 42 U.S.C. §1981[1] for discrimination on the basis of race in the making and enforcing of a contract with Fleet.  Plaintiff's Amended Complaint seeks emotional distress and punitive damages pursuant to these claims.

The expected testimony fails to demonstrate the requisite evil intent or motive necessary for punitive damages to be awarded.  As set forth in plaintiff's summary judgment papers, plaintiff is expected to testify that he was not a customer of Fleet in May 2002; that he knew he needed to present two acceptable forms of identification at Fleet to cash a check; that he presented a check for $1100 to be cashed and two forms of identification (an American Express card and a driver's license) to teller Mary Beth McHardy (now Nance) and branch manager Jean Brennan at the Fleet branch in Medway, Massachusetts; that Ms. McHardy told him she could not cash his check because he did not have two acceptable forms of identification; that Ms.

---

[1] Count IV asserts a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§1981 *(sic)*."  Plaintiff's citation to section 1981 as the codification of Title II is incorrect.  Title II was codified at 42 U.S.C. section 2000a *et seq.* and prohibits discrimination or segregation in places of public accommodation.  Bank of America believes that it is not a "place of public accommodation" as specifically defined in §2000a.  Further, punitive damages are not available for violation of §2000a, which provides only for injunctive relief.  *Bermudez Zenon v. Restaurant Compostela, Inc.,* 790 F. Supp. 41, 45 (D.P.R. 1992) (citing *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 (1968), court noted that plaintiffs entitled to obtain only injunctive relief and reasonable attorneys fees under Title II).

Brennan asked plaintiff to come into his office, made phone calls, and then told him she could not cash his check because he did not have two acceptable forms of identification and that he had to leave the branch; and that he then went to the Fleet branch in Medfield, Massachusetts and cashed the check. Plaintiff has not alleged or testified, and is not expected to present any evidence, that any Fleet employee made any comments about his race or national origin, or that similarly situated white noncustomers were allowed to cash their checks at the Medway branch. (Affidavit of Jay Odunukwe dated June 1, 2006, filed in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment) (Court Document No. 32).

## II.     Legal Argument

Plaintiff should be precluded from admitting any testimony regarding punitive damages, from arguing that he is entitled to punitive damages, and from requesting or receiving a jury instruction on punitive damages. Bank of America is not liable as a matter of law for punitive damages in this action.

### A.     *Bank of America is not liable for punitive damages because plaintiff's evidence, even viewed in the light most favorable to him, will fail as a matter of law to establish the outrageousness or "evil motive or reckless indifference to the rights of others" required for punitive damages to be awarded.*

In order to recover punitive damages under G.L. c. 272, §98, plaintiff must prove that the defendant's conduct was "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *See Dartt v. Browning-Ferris Indus., Inc.,* 427 Mass. 1, 17 (1998). Punitive damages can be awarded only "'where a defendant's conduct warrants condemnation and deterrence.'" *McMillan v. Massachusetts Society for the Prevention of Cruelty to Animals,* 140 F.3d 288, 306-307 (1st Cir.1998)(quoting *Bain v. City of Springfield,* 424 Mass. 758, 767 (1997))(holding district court abused its discretion in upholding award of punitive damages). Neglect or even inconsiderate behavior is insufficient as a matter of law to

3

support an award; in the absence of evidence of "bad motive or wanton indifference," punitive damages may not be awarded. *Smith v. Bell Atlantic,* 63 Mass. App. Ct. 702, 721 (2005) (citing *Restatement (Second) of Torts* §908(2) comment d, court held that punitive damages issues was properly withheld from jury despite finding of liability on reasonable accommodation claim). Plaintiff will be unable to present any evidence to meet this "high standard of culpability." Indeed, the Appeals Court has noted that to award punitive damages "absent evidence of heightened culpability would very likely constitute an arbitrary or irrational deprivation [ ] of property." *Smith,* 63 Mass. App. Ct. at 721-22 (quotation and citation omitted) (finding that "no reasonable jury could find that the company's behavior rose to the level of "reckless indifference'").

The standard for awarding punitive damages is similarly stringent for § 1981 claims, under which a punitive damages award may be made only if the jury finds that the defendant's conduct was "'motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Kolstad v. American Dental Association,* 527 U.S. 526, 536 (1999) (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983)). *See also Danco, Inc. v. Wal-Mart Stores,* 178 F.3d 8, 17 n.6 (1st Cir. 1999) (*Smith* standard for punitive damages also applicable to section 1981 claims). "The special showing needed to trigger eligibility for punitive damages . . . pertains to the defendant's 'knowledge that [he] may be acting in violation of federal law, not [his] awareness that [he] is engaging in discrimination." *Iacobucci v. Boulter,* 193 F.3d 14, 26 (1st Cir. 1999) (quoting *Kolstad,* 527 U.S. at 535) (affirming trial court's decision to strike punitive damage award against police officer who made objectively unreasonable decision to arrest plaintiff). In other words, the state of mind required to justify punitive damages entails an "intent to effect . . . a civil rights

4

violation," not simply to do the discriminatory act. *Iacobucci*, 193 F.3d at 26 (citing *Kolstad*, 527 U.S. at 535). *See also Iacobucci*, 193 F. 3rd at 27 (noting that Supreme Court in *Kolstad* rejected interpretation in First Circuit precedent holding that state of mind necessary for violation of civil rights sufficient to make punitive damages applicable).

"Punitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses . . . . " *Honda Motor Co., Ltd v. Oberg,* 512 U.S. 415, 432 (1994**)**. Where there is no evidence to warrant an inference of "actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice," a trial court should not submit the issue of punitive damages to the jury. *Kolstad,* 527 U.S. at 539 (citation and quotation omitted).

Viewed in the light most favorable to him, plaintiff's evidence will be unable as a matter of law to demonstrate that Bank of America's conduct was outrageous, motivated by evil motive or intent, or was in reckless indifference to plaintiff's civil rights. As a threshold matter, Bank of America's conduct is <u>not</u> at issue in this case, and thus plaintiff will be unable to show that Bank of America -- as opposed to Fleet, its predecessor corporation -- acted with the requisite evil motive or intent to allow punitive damages to be awarded against it. Further, plaintiff will be unable to present <u>any</u> evidence of evil motive or intent to violate plaintiff's federal or state civil rights. After Ms. McHardy told plaintiff that his identification was insufficient, she called branch manager Jean Brennan over to her teller window for assistance. Plaintiff admits that Ms. Brennan asked him in come into her office and made some calls regarding the check. Neither Ms. Nance nor Ms. Brennan made any reference to plaintiff's race, nor did they make any

5

derogatory comments of any nature. Plaintiff will present no evidence that similarly situated white people were treated differently than he was treated. (*See* Plaintiff's Statement of Material Facts, Responses to paragraphs 8-13) (Court Document No. 31). There is no evidence that Ms. McHardy or Ms. Brennan were motivated by racist attitudes or indifferent to plaintiff's rights or acting with a specific intent to violate them. *Danco , Inc. v. Wal-Mart Stores,* 178 F.3d 8, 18 (1st Cir. 1999). Based on the expected testimony, the issue of punitive damages should not be submitted to the jury, as such an award would be "constitutionally impermissible." *Smith*, 63 Mass. App. Ct. at 721-722; *Iacobucci*, 193 F.3d at 27.

> B.  *Bank of America is not vicariously liable as a matter of law for the punitive damages resulting from the allegedly discriminatory actions of the employees of its predecessor corporation, Fleet National Bank.*

The actions at issue in this case occurred at a Fleet branch in Medway, Massachusetts in May 2002. As this Court is aware, Bank of America subsequently merged with Fleet, in 2004. While Bank of America as the successor corporation may be liable for any compensatory damages awarded to plaintiff, it should not be liable for punitive damages resulting from the actions of Fleet employees. *Bowen v. W.R. Grace & Co.,* 781 F. Supp. 682 (D. Mont. 1991) (citing *In re Related Asbestos Cases*, 566 F. Supp. 818, 822-823 (N.D. Cal. 1983) in allowing defendant's motion in limine as it applied to successor liability for punitive damages but not as to compensatory damages). "Punitive damages serve only to punish and deter the wrongdoer. Unlike compensatory damages, punitive damages provide a windfall to a plaintiff. If a plaintiff is unable to recover punitive damages, he will not suffer unrectified injury." *In re Related Asbestos Cases*, 566 F. Supp. at 822. Bank of America had no control over the actions of Fleet employees at issue in this case, and an award of punitive damages will not serve to punish or deter the wrongdoer. In any event, as asserted above, the actions of the Fleet employees at issue

6

in this action do not demonstrate, as a matter of law, the outrageousness, evil intent or motive, or reckless indifference to plaintiff's civil rights required for punitive damages to be awarded.

        C.    *Bank of America is not liable as a matter of law for punitive damages resulting from the allegedly discriminatory actions of low-level employees.*

Under First Circuit precedent, "before a company is held liable for *punitive* damages for acts of harassment by low-level employees, there [must] be some culpability beyond mere negligence at the management level." *Danco*, 178 F.3d at 18 (emphasis in original). In the instant case, there is no evidence that the allegedly discriminatory conduct was a "matter of company policy or engaged in by management officials whose own intent may automatically be imputed to the company." *Id.* at 17. Rather, the acts at issue are of ordinary employees with limited supervisory authority. Ms. McHardy was a teller with no supervisory authority, and as branch manager Ms. Brennan was a low-level manager of a very large company. Her actions cannot be imputed to Fleet -- or Bank of America -- as a matter of law. Further, even if Ms. Brennan could be considered management for this purpose, there is no evidence that she acted with racist attitudes or with indifference to plaintiff's civil rights. *Id.* at 18 (no basis for punitive damages even if employee could be described as management for this purpose, as no evidence presented of racist attitudes or indifference to plaintiff's rights).

**III.**    **Conclusion**

For the reasons set forth above, Bank of America asks this Court to preclude plaintiff from introducing evidence of Bank of America's net worth or other evidence relating to punitive damages, from arguing to the jury that he is entitled to punitive damages, and from receiving a jury instruction regarding punitive damages.

|  |  |
|---|---|
|  | BANK OF AMERICA, N.A. |
|  | By its attorneys, |
|  |  |
|  | /s/ Carol E. Kamm |
|  | Donn A. Randall, BBO# 631590 |
|  | Carol E. Kamm, BBO # 559252 |
|  | Bulkley, Richardson, and Gelinas LLP |
|  | One Post Office Squire, Suite 3700 |
|  | Boston, Massachusetts 02109 |
|  | Telephone:  (617) 368-250 |
| Dated: June 28, 2007 | Facsimile:  (617) 368-2525 |

## **CERTIFICATE OF SERVICE**

I, Carol E. Kamm, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on June 28, 2007.

*/s/ Carol E. Kamm*
Carol E. Kamm

529803-1