UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NG

)
JAY ODUNUKWE, ESQ.           )
        Plaintiff,         )
                             )
v.                           )
                             )
BANK OF AMERICA              )
        Defendant.        )
                             )

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION INVESTIGATION FACT SHEET**

Pursuant to Rule 403 of the Federal Rules of Evidence, defendant, Bank of America *(sic)* ("Defendant" or "Bank of America"), respectfully moves this Court *in limine* to preclude plaintiff from offering into evidence the Massachusetts Commission Against Discrimination Investigation Fact Sheet regarding the charge of discrimination filed by plaintiff with the MCAD ("MCAD Sheet"), to refuse to admit the MCAD Sheet into evidence, and to preclude the admission of any testimony regarding the MCAD Sheet.[1]  The MCAD Sheet and related testimony should not be admitted because its "probative value is substantially outweighed by the danger of unfair prejudice .. . . "  Fed. R. Evid. 403.

**I.    Summary of MCAD Sheet**

Plaintiff has previously attached the MCAD Sheet As Exhibit 1 to Plaintiff's Opposition to Motion for Summary Judgment, filed June 14, 2006 (Court Document No. 30).  Although plaintiff has not listed the MCAD Sheet as an exhibit in the Joint Pretrial Memorandum, Bank of

---

[1] Testimony regarding the MCAD Sheet would also be inadmissible as hearsay.

America anticipates that plaintiff may seek to admit the MCAD Sheet into evidence at trial.[2] For the Court's convenience, Bank of America attaches a copy of the MCAD Sheet hereto as Exhibit 1. The MCAD Sheet contains a summary of plaintiff's allegations and very brief summary of the investigation. The MCAD Sheet then concluded that "[b]ased on the foregoing findings, one could form the reasonable belief that the Respondent discriminated against the Complainant by denying him services because of his race/color. Genuine issues of material fact are present which are reserved for public hearing. Therefore, a finds (*sic*) of probable cause is warranted." (Exhibit 1 hereto).

## II.     Legal Argument

This Court should exercise its discretion to preclude the admission of the MCAD Sheet under Rule 403 of the Federal Rules of Evidence because its prejudicial value outweighs any probative value it may have. The First Circuit has refused to rule that EEOC determinations are *per se* admissible and stated that the district court should determine, "on a case-by-case basis, what, if any, EEOC investigator materials should be admitted at trial." *Smith v. Massachusetts Institute of Technology*, 877 F.2d 1107, 1113 (1st Cir. 1989) (quotation and citation omitted) (finding no abuse of discretion in district court's exclusion of three EEOC investigative reports totaling twenty pages). Where, as here, the MCAD Sheet "states only a conclusory probability of discrimination, unsupported by any relevant facts," it lacks any real probative value and should not be admitted into evidence. *Patten v. Wal-Mart Stores East, Inc.*, 300 F.3d 21, 27 (1st Cir. 2002) (holding that district court did not abuse its discretion in refusing to admit into evidence a right-to-sue letter from the Maine Human Rights Commission containing probable cause finding). Indeed, the only conclusion reached by the MCAD -- that material questions of

---

[2] Plaintiff's failure to list the MCAD Sheet as an exhibit in the Joint Pretrial Memorandum also precludes him from seeking to admit this document into evidence.

2

fact exist which must be decided by a factfinder -- is akin to this Court's determination that Defendant's Motion for Summary Judgment should be denied because material questions of fact exist. The MCAD Sheet does not address or decide, and is not probative of, any issues of fact in the captioned case.

The danger of unfair prejudicial impact on a jury is substantial, however, as the jury is likely to be confused about the meaning of the MCAD Sheet. The jury is unlikely to be familiar with the MCAD process and might not understand that the probable cause finding is not a finding of discrimination, but simply a finding that sufficient facts exist to allow the plaintiff to proceed with his discrimination claim in the MCAD. In addition, the MCAD Sheet fails to set forth the evidence Bank of America submitted to the MCAD (such as the Affidavits of Marybeth McHardy and Jean Brennan), which evidence substantially undercuts plaintiff's claims. If the MCAD Sheet is admitted, Bank of America "must attempt to expose the weaknesses of the [MCAD Sheet], an effort that may well confuse or mislead the jury and result in an undue waste of time." *Paolitto v. John Brown E & C., Inc.*, 151 F.3d 60, 65 (2nd Cir. 1998) (no abuse of discretion in refusing to admit report CHRO finding of insufficient evidence to support claim). Further, plaintiff will have the opportunity to present to the jury all evidence that was presented to the MCAD and thus is not prejudiced by the inability to admit the MCAD Sheet into evidence.

**III.    Conclusion**

For the reasons set forth above, Bank of America respectfully asks this Court to preclude plaintiff from offering into evidence the MCAD Sheet, to refuse to admit the MCAD Sheet into evidence, and to preclude the admission of any testimony regarding the MCAD Sheet.

                                                  BANK OF AMERICA, N.A.
                                                  By its attorneys,

                                                  */s/ Carol E. Kamm*
                                                  Donn A. Randall, BBO# 631590
                                                  Carol E. Kamm, BBO # 559252
                                                  Bulkley, Richardson, and Gelinas LLP
                                                  One Post Office Squire, Suite 3700
                                                  Boston, Massachusetts 02109
                                                  Telephone:  (617) 368-250
Dated:  June 28, 2007                     Facsimile:  (617) 368-2525

**CERTIFICATE OF SERVICE**

I, Carol E. Kamm, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on June 28, 2007.

                                                  */s/ Carol E. Kamm*
                                                  Carol E. Kamm

529767-1

COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
(617) 994-6000 Fax: (617) 994-6024
INVESTIGAITON FACT SHEET

| To: | Jay Odunukwe<br>9 Fieldmont Street.<br>Hyde Park, MA 02136 | From: | Mass Commission Against Discrimination<br>One Ashburton Place, Room 601<br>Boston, MA 02108 |
|---|---|---|---|
| Case: Jay Odunukwe v. FleetBank | | Docket No: 021402452 | |
| Investigator: Marzella B. Hightower | | EEOC No: None | |

Investigation Summary:
Whether the Complainant was discriminated against in a place of public accommodation in being denied service. On May 14, 2002, Complainant went to the Respondent's Medway Branch to cash a check for $1,100.00 (one thousand and one hundred dollars). Complainant was a non-customer with a check drawn on Fleet account held by the Complainant's relative. Complainant alleges he presented two (2) forms of identification, a driver's license and valid American Express credit card, but the Respondent rejected both forms of identifications; he then presented his Suffolk University identification card and was told that the student identification card was only good at the University and that it had expired. He believes he was denied because of his race/color (Black) in violation of M.G.L. 272, Section 98. The Respondent asserted Complainant failed to provide proper identification accordance to the Respondent's check cashing policy.

Investigation revealed:
Investigation revealed Respondent's policy states that two forms of acceptable identification, one of which a photo identification is required when the check is greater than $500.00 (five hundred dollars). Another is a major credit card, such as American Express. The investigation revealed that upon being denied by the teller, the Complainant requested to see the manager. The manager spoke to the Complainant in her office and made a telephone call to the customer of the account. The manager was unable to communicate with the account holder at home or work.

Investigation further revealed that the Complainant immediately went to another Fleet Bank located in Medfield and was able to cash the check with his Massachusetts driver's license and his American Express card with out incident.

Conclusion:
Based on the foregoing findings, one could form the reasonable belief that the Respondent discriminated against the Complainant by denying him services because of his race/color. Genuine issues of material fact are present which are reserved for public hearing. Therefore, a finds of probable cause is warranted.

Disposition:
Therefore, pursuant to Section 5 of Chapter 151B, of the Massachusetts General Laws, and in conformity with the foregoing Findings of Facts, I have this day found that probable cause exists for crediting the allegations of the subject complaint. Pursuant to said Section 5, the parties will be

- 2 -

afforded an opportunity to participate in a conciliation conference at the offices of the Commission. If the [arties do not choose to participate, or if such conferences does not result in an informal resolution of this matter, the case will be certified for public hearing and final disposition on this matter will be rendered by the designated Hearing Commissioner.

Marzella B. Hightower  
Investigator

Jean A. Clanton  
Supervisor

Walter J. Sullivan, Jr.  
Investigating Commissioner