UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NG

| | |
|---|---|
| JAY ODUNUKWE, ESQ.<br>　　　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| BANK OF AMERICA<br>　　　　　Defendant. | )<br>)<br>) |

### DEFENDANT'S MOTION TO RESCHEDULE TRIAL

The Defendant, Bank of America, N.A., ("the Bank") asks this Court to reschedule the trial of this case, currently scheduled to commence on Tuesday, September 4, 2007, until the following week (commencing September 10, 2007), or to a date that is convenient for the Court. As reasons for this motion, the Bank states that two important defense witnesses, Mary Beth McHardy (now Nance) and Pamela Martin, have vacations and other personal events the week of September 4, 2007 and would suffer substantial personal hardship if required to attend the trial the week of September 4th.

As this Court is aware, at issue in this case is whether teller Marybeth McHardy (now Marybeth Nance) and branch manager Jean Brennan discriminated against plaintiff on the basis of his race when they refused to cash his check at the Fleet Bank branch in Medway, Massachusetts in May 2002 because he did not present two approved forms of identification, as required by Fleet's check cashing policy. Plaintiff then went to the Fleet Bank branch located in Medfield, Massachusetts, where the assistant branch manager, Pamela Martin, made an

exception to the check cashing policy and approved the cashing of plaintiff's check with insufficient identification.

Marybeth (McHardy) Nance now lives in Florida. She is hosting a previously scheduled family reunion, vacation, and surprise 70th birthday party for her father during the week of September 4th. It would be a substantial personal hardship for Ms. Nance if the trial were to take place the week of September 4th, as it would cause her to miss a substantial part of her important personal, family events. Ms. Nance is expected to testify, among other things, that she told plaintiff she could not cash his check because he did not produce two approved forms of identification, as required by the Bank's check cashing policy. Her testimony is central to the Bank's defense, and the Bank believes it is important for the jury to see Ms. Nance and hear her testimony in person, in order to assess her testimony and credibility regarding the number and types of identification produced by plaintiff.

Pamela Martin has a previously planned, out-of-state vacation the week of September 4th. Ms. Martin's testimony is also important to the Bank's defense, as she is expected to testify, among other things, that plaintiff did not present two approved forms of identification and that she made an exception to the check cashing policy when she authorized the cashing of plaintiff's check. The Bank believes it is also important to its defense for the jury to see Ms. Martin and hear her testimony in person. It would be prejudicial to the Bank if it were required to defend itself without the testimony of Ms. Nance and Ms. Martin.

For the reasons set forth above, the Bank asks this Court to reschedule the trial of this case for the following week (commencing on September 10, 2007), or at such other time as is convenient for the Court.

                                      Respectfully submitted,

                                      BANK OF AMERICA, N.A.
                                      By its attorneys,

                                      */s/ Carol E. Kamm*
                                      Donn A. Randall, BBO# 631590
                                      Carol E. Kamm, BBO # 559252
                                      Bulkley, Richardson, and Gelinas LLP
                                      One Post Office Squire, Suite 3700
                                      Boston, Massachusetts 02109
                                      Telephone:  (617) 368-250

Dated: July 31, 2007                Facsimile:  (617) 368-2525


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)2)

    I hereby certify that I conferred or attempted to confer with plaintiff's counsel by telephone on July 26th, 27th, 30th and 31st, 2007 in an attempt in good faith to resolve or narrow the issues raised by this motion. Plaintiff's counsel advised me that he was not in a position to consent to the motion at this time.

                                      /s/ Donn A. Randall
                                      Donn A. Randall


## CERTIFICATE OF SERVICE

    I, Donn A. Randall, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on July 27, 2007.

                                      */s/ Carol E. Kamm*
                                      Carol E. Kamm

539564-1