UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY ODUNUKWE, ESQ., )<br>Plaintiff,       )<br>                )<br>v.              )<br>                )<br>FLEET BANK BOSTON, )<br>Defendant.      )<br>                ) | CIVIL NO.: 1:05-CV-10324 |

(PROPOSED)

## PLAINTIFF'S PATTERN JURY INSTRUCTIONS REGARDING DISCRIMINATION COUNTS UNDER FEDERAL AND STATE LAW

Now comes the plaintiff and provide the enclosed jury instructions in regard to the discrimination counts under federal and state law of the amended complaint.

**1.Discrimination under Federal Law**

[Updated: 11/10/07]

The Plaintiff Jay Odunukwe accuse bank of national origin discrimination in violation of federal law. To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that her/his national origin was a motivating factor in the conduct. The definition of "make and enforce contracts" in section 1981 extends the reach of the statute to situations beyond the four corners of a particular contract; the extension applies to those situations in which a merchant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits of, a contractual relationship. See *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001) (explaining that, in a "commercial establishment" context, liability will attach when a plaintiff "receive[s] services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.") The plaintiff does not have to come forward with direct evidence of racial discrimination. The plaintiff may prove the unlawful intent with circumstantial evidence. *Judge v. City of Lowell*, 160 F.3d 67, 75-77 (1st Cir. 1998). What is alleged is as follows. The bank is a commercial establishment. The plaintiff, who is of African-American of Nigerian decent, received check cashing services in a markedly hostile manner and in a manner objectively discriminatory: and in manner which a reasonable person would find objectively discriminatory.

The plaintiff must show that a merchant (the bank), acting out of racial animus, impeded a customer's (plaintiff's) ability to enter into, or enjoy the benefits

of, a contractual relationship. See *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001).

The complaint is predicated upon a federal statute that traces its origins to section 1 of the Civil Rights Act of 1866, 14 Stat. 27 (1866), one year after the American Civil War. This statute, now codified in 42 U.S.C. § 1981, prohibits both public and private racial discrimination in certain specified activities (including the making and enforcement of contracts). *Runyon v. McCrary*, 427 U.S. 160, 168-75 (1976). To state a claim under this statute, a plaintiff must show (1) that he is a member of a racial minority (plaintiff is), (2) that the defendant discriminated against him on the basis of his race and (3) that the discrimination implicated one or more of the activities enumerated in the statute. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). Congress widened the interpretive lens when it enacted the Civil Rights Act of 1991, Pub. L. No. 102-166, § 101, 105 Stat. 1071 (1991). Section 1981, as amended from the 1866 law, reads in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . .* * *For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." That Act amended section 1981 by expanding the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

**2. State Law (Massachusetts General Law Chapter 272 section 98).**

**The plaintiff must show such discrimination at a place of public accommodation like a bank to establish a claim under c. 272, section 98. See <u>Hurley v. Irish-American GLBG, Boston</u>, 515 U.S. 557 (1995); <u>Jones v. City of Boston</u>, 738 F.Supp. 604 (D. Mass. 1990**

### 3. Compensatory Damages (State and Federal)

Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses. Distress arising from this lawsuit, or legal expenses incurred in this lawsuit must also not be included in these damages. You must determine instead what other loss, if any, Plaintiff has suffered or will suffer in the future caused by any national origin discrimination that you find defendant has committed under the instructions I have given you. We call these compensatory damages. You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses if you determine that Plaintiff has proven by a preponderance of the evidence that he has experienced any of these consequences as a result of national origin discrimination. No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses you find that Latino Plaintiff Members has undergone and can probably be expected to suffer in the future as a result of the bank's conduct. And

you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages. If you find that Plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead. Section 1981 authorizes a plaintiff to recover both: (1) the "compensatory...damages" provided in section 1981a(b); and (2) "any relief authorized by" section 2000e-5(g). 42 U.S.C. § 1981a(a) (2001). However, section 1981a(b)(2) specifically excludes the relief authorized by section 2000e-5(g) from its definition of "compensatory damages." 42 U.S.C. § 1981a(b)(2) (2001). This distinction between the damages available under section 1981a and 2000e-5(g) is important because section 1981a(c) provides the right to a jury trial, whereas section 2000e-5(g) does not. 42 U.S.C. § 1981a(c) (2001) ("If a complaining party seeks compensatory or punitive damages under this section . . . any party may demand a trial by jury."); 42 U.S.C. § 2000e-5(g) (2001) In re Roche Prods., Inc., 936 F.2d 43, 49-50 (1st Cir. 1991) (Title VII) ("The First Circuit still adheres to its long-held rule precluding jury trials for equitable remedies under Title VII The total compensatory and punitive damages available under section 1981a (but not the benefits, front pay, back pay, or interest on back pay available under 42 U.S.C. § 2000e-5(g)) are limited according to the number of employees employed by the

defendant. However, the section also provides that "the court shall not inform the jury of [these] limitations." 42 U.S.C. § 1981a(c)(2). ("An individual who establishes a cause of action under s. 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages."); Sinai v. New England Tel. & Tel. Co., 3 F.3d 471, 476 (1st Cir. 1993) (Title VII and section 1981) ("The jury was presented in the § 1981 claim with evidence concerning back pay, front pay, and emotional distress, and instructed to determine the appropriate level of damages for them."); T & S Serv. Assoc., Inc. v. Crenson, 666 F.2d 722, 728 n.7 (1st Cir. 1981) (Section 1981) ("Without deciding the issue, we note that the proper inquiry under § 1983 would likely focus on compensation, as under § 1981. The damages are the same under Chapter 272, Section 98.

Respectfully submitted,
Jay Odunukwe, Esq.,
By his attorney,

s/ Robert O. Berger

---

Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
617-423-7575
BBO# 038900

## CERTIFICATE OF SERVICE

**I hereby certify that a true copy of the above document was served by electronic transfer on the attorney of record for each party on November 12, 2007.**

**Dated: 11/12/07**                    **/s/ Robert O. Berger**

                                       **Robert O. Berger (BBO#: 038900)**