UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NG

| | |
|---|---|
| _____ | ) |
| | ) |
| JAY ODUNUKWE, ESQ. | ) |
|                 Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| BANK OF AMERICA | ) |
|               Defendant. | ) |
| _____ | ) |

## DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS

Defendant, Bank of America ("Defendant" or "Bank of America"), respectfully requests that the Court include the following instructions in its charge to the Jury. Notwithstanding the foregoing, Bank of America respectfully reserves the right to move, at the close of the plaintiff's evidence and/or at the close of all evidence presented at the trial, for judgment as a matter of law pursuant to Fed. R. Civ. 50 on any or all of the Plaintiff's counts.  Bank of America further respectfully reserves the right to request additional jury instructions or to amend these proposed instructions to conform to the evidence presented at trial.

Pursuant to Fed. R. Civ. P. 49, Bank of America respectfully requests that the Court direct the jury to return a special verdict in the form attached hereto as Exhibit A.

BANK OF AMERICA, N.A.
By its attorneys,


_____/s/ Carol E. Kamm_____
Donn A. Randall, BBO# 631590
Carol E. Kamm, BBO # 559252
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700

Boston, Massachusetts 02109

Telephone: (617) 368-250

Dated: November 13, 2007              Facsimile: (617) 368-2525

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served electronically upon the attorney of record for each party on November 13, 2007.

/s/ Carol E. Kamm

Carol E. Kamm

(Doc. # 462664)

## INSTRUCTION NO. 1

## BIAS, PREJUDICE, AND SYMPATHY

You have sworn as jurors in this case to try the issues of fact presented by the allegations of the plaintiff's complaint against the defendant. You are to perform this duty without bias or prejudice to any party. A corporation, an insurance company and natural persons are equal before the law and must be treated as equals in a court of justice. See Federal Pattern Jury Instructions (Civil Cases), Fifth Circuit, §2.13 (1998). Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. See Devitt and Blackmar, Jury Practice and Instructions, ¶71.02 (4th ed. 1987).

In many cases there is an element of sympathy that surrounds the trial. People involved in the case, including employees of a party, may be deserving of sympathy, but not in a courtroom and not by a jury, because sympathy is grounded in emotion, and a jury must consider only facts. You must consider the evidence in a calm, dispassionate, analytical manner. It must be clear to you that once you allow prejudice, bias or sympathy to interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

**INSTRUCTION NO. 2**

**PARTIES AND ALLEGATIONS**

The events at issue in this case occurred at branches of Fleet National Bank located in Medway and Medfield, Massachusetts. Fleet National Bank merged with Bank of America in 2005, and Fleet National Bank is now known as Bank of America. You may hear references in this trial to both Fleet and Bank of America. These references will be to the same corporation, which is the defendant in this case.

Plaintiff Jay Odunukwe claims that defendant Bank of America, formerly Fleet National Bank, discriminated against him because of his race when the Fleet branch located in Medway, Massachusetts did not cash his check on May 14, 2002. Plaintiff alleges that he presented two approved forms of identification along with his check for $1,100 to be cashed and that the Fleet Medway personnel branch refused to cash his check. Bank of America asserts that plaintiff did not present two approved forms of identification, as required by Fleet's check-cashing identification policy. Bank of America also says that Jean Brennan, the Medway branch manager, attempted to contact the maker of the check, who was a bank customer named Joy Odunukwe, to confirm that Ms. Odunukwe had given plaintiff the check, and that Mrs. Brennan would have made an exception to the check-cashing policy if she had received verification that Ms. Odunukwe had given the check to plaintiff. The parties agree that Mr. Odunukwe did not cash the check at the Medway branch, and that he drove a short distance to the Fleet branch in Medfield, Massachusetts where he cashed the check. Bank of America asserts that the Medfield branch made an exception to its check cashing policy at that branch and cashed the check even though plaintiff did not present two approved forms of identification.

**INSTRUCTION NO. 3**

**GENERAL INSTRUCTIONS REGARDING COUNTS**

I have told you in general terms what this case was about, what the plaintiff's contentions were and what the defendant's contentions were. However, the specific claims of the plaintiff are found in what lawyers refer to as "counts." Each count is a separate theory by which a single party or a group of parties claims they are entitled to certain relief.

Here, the plaintiff Jay Odunukwe has asserted two counts for your consideration, each of which plaintiff claims entitles him to certain relief. The defendant, Bank of America, disputes that plaintiff is entitled to relief on any of his counts.

As jurors, you will have to examine each of the counts asserted by the plaintiff and determine whether the plaintiff has proven each of the elements of that count. In a few moments, I will give you instructions about each of the counts and the elements that make up that count.

Before I instruct you about the counts and the damages, first let me instruct you about what we call the burden of proof.

## INSTRUCTION NO. 4

## BURDEN OF PROOF

As I said a moment ago, the plaintiff bears the burden of proving every essential element of each of his claims. And he must prove each element by a fair preponderance of the credible evidence.

Whether the plaintiff has established the essential elements of his case by a fair preponderance of the credible evidence is determined by the quality of the evidence: its credibility, believability, trustworthiness and accuracy. To prove something by a preponderance of the evidence, the plaintiff must prove that thing to be more likely or more probably true than not true. *See* Brady, et al., I *Mass. Civil Jury Instructions* §1.19; *Sargent v. Mass. Accident Co.*, 307 Mass. 246, 250 (1940).

## INSTRUCTION NO. 5

## G.L. ch. 272, §98:  GENERAL STATEMENT

One of the counts in plaintiff's complaint asserts a claim under a state public accommodation statute.  The state public accommodation statute prohibits discrimination on the basis of race in the admission of any person, or his treatment, in any place of public accommodation.  The Fleet Medway branch is a place of public accommodation, as it is a place that is open to the general public.  Plaintiff claims that he was treated in a discriminatory manner by the employees of the Fleet Medway branch, Marybeth Nance and Jean Brennan, when they did not cash his check on May 14, 2002.  G.L. c. 272, §§ 92A, 98.  *Local Finance Co. of Rockland v. MCAD,* 355 Mass. 10 (1968) (trust or voluntary association that maintains an office and is open to applicants for loans is a place of public accommodation).

**INSTRUCTION NO. 6**

**G.L. ch. 272, §98:  PRIMA FACIE CASE**

In order to prove his claim of discrimination under the state public accommodation statute, plaintiff must first prove to you by a preponderance of the evidence that:

> 1) he is a member of [a] protected class, 2) he was denied or restricted in access to a place of public accommodation, and 3) there is evidence from which it can be inferred that there is a causal connection between [plaintiff]'s protected class and the denial of access to the place of public accommodation.

The plaintiff and defendant agree that plaintiff is a member of a protected class.  Therefore, it is for you to decide whether the plaintiff has proved by a preponderance of the evidence that he was denied or restricted in his access to the Fleet Medway branch and, if so, that there is a causal connection between plaintiff's race and the denial of access.  *Haney v. Fenway Texaco et al*, 28 M.D.L.R. 50, 52 (2006).  In order to prove his claim of violation of the state public accommodation statute, plaintiff must prove that he was treated differently because of his race. *Gutierrez v. Massachusetts Bay Transportation Authority*, 437 Mass. 396, 411 (2002) (no error in trial court's refusal to instruct jury on civil rights violation based on public accommodation law, where "plaintiffs did not present evidence that the defendants sought to exclude them on the basis of race....").

## <u>INSTRUCTION NO. 7</u>

## <u>G.L. ch. 272, §98:  DEFENDANT'S LEGITIMATE, NONDISCRIMINATORY REASONS</u>

If you find that plaintiff has proved to you by a preponderance of the evidence that he was denied or restricted in his access to the Fleet Medway branch when Ms. Nance and Ms. Brennan did not cash his check, and that there was a causal connection between plaintiff's race and the denial of access, then you must decide whether Bank of America has presented credible evidence of legitimate reasons for which Ms. Nance and Ms. Brennan did not cash plaintiff's check.   Bank of America's burden is one of production of credible evidence.  It is not Bank of America's burden to persuade you that these were the reasons for which Ms. Nance and Ms. Brennan did not cash plaintiff's check.

Here, Ms. Nance and Ms. Brennan have testified that they did not cash plaintiff's check because he did not present two approved forms of identification, as required by Fleet's check-cashing policy.  Ms. Brennan also testified that she would have made an exception to this policy if she had been able to reach Joy Odunukwe, the person who wrote the check, to confirm that Ms. Odunukwe had given the check to plaintiff, but Ms. Brennan was unable to reach Ms. Odunukwe.  It is for you to decide whether the bank's evidence of the reasons for the Medway branch's decision not to cash plaintiff's check is credible. *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 505-06 (2001).  *See also Vaspourakan, Ltd, v. Alcoholic Beverages Control Comm'n*, 401 Mass. 347, 351 (1987) (under G.L. c. 272, §98, commission could conclude that "licensee's proffered excuses were merely pretexts and that the licensee was discriminating against some persons because of race.").

## INSTRUCTION NO. 8

## G.L. ch. 272, §98:  PLAINTIFF'S PROOF OF DISCRIMINATORY ANIMUS AND CAUSATION

If you find that Bank of America has presented credible evidence of the legitimate reasons for which Ms. Nance and Ms. Brennan did not cash plaintiff's check, then you must decide whether plaintiff has proved to you, by a preponderance of the evidence, that the bank's reasons were not the real reasons for not cashing his check; that the discriminatory intent, motive or state of mind of Ms. Nance and Ms. Brennan was the determinative cause in the decision not to cash his check; and that but for this discriminatory intent, motive or state of mind, Ms. Nance and Ms. Brennan would have cashed his check.  *See Lipchitz v. Raytheon Co.,* 434 Mass. 504-506 (2001).

**INSTRUCTION NO. 9**

**G.L. ch. 272, §98:  DETERMINATIVE CAUSE**


A cause is a determinative cause if it was the active, efficient cause in bringing about the allegedly discriminatory action.  In other words, for plaintiff to prove that his race was the determinative cause for the Fleet Medway employees' decision not to cash his check, plaintiff must prove that the Fleet Medway employees had a discriminatory intent and that the discriminatory intent contributed significantly to the decision not to cash his check, and that it was a material and important ingredient causing Bank of America not to cash the check.  If plaintiff does not prove that his race was the determinative cause of the decision not to cash his check and that but for his race, his check would have been cashed, then your verdict must be for the defendant, Bank of America.  *See Lipchitz v. Raytheon,* 434 Mass. 493, 504-505 (2001).

If you may decide that actions of Ms. Nance and Ms. Brennan toward plaintiff were based on a race-neutral reaction to the situation, or that the incident at the Fleet Medway branch was the result of mutual misunderstanding, misinterpretation or overreaction, you must enter a verdict for the defendant, Bank of America.  *Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 347 (1st Cir. 1995).

## INSTRUCTION NO. 10

## G.L. ch. 272, §98/42 U.S.C. §1981:  BUSINESS JUDGMENT

In considering plaintiff's claim of racial discrimination, your focus must be on the intent, motive and state of mind of the Fleet Medway employees and not on Fleet's business judgment. A bank is entitled to make its own policy and business judgments as long as its reasons for doing so are not discriminatory.  The issue before you is not whether you agree with Fleet's check cashing identification policy, or the Fleet Medway branch's enforcement of Fleet's check cashing identification policy, or whether Fleet's check cashing identification policy was fair or unfair, wise or unwise, right or wrong, sound or absurd.  A determination of discrimination may not be based on evidence or your belief that plaintiff was treated unfairly.  *Weber v. Community Teamwork, Inc.,* 434 Mass. 761, 778 (2001); *Lewis v. Area II Homecare for Senior Citizens, Inc.,* 397 Mass. 761, 766 (1986).

## <u>INSTRUCTION NO. 11</u>

## <u>G.L. ch. 272, §98:  PROOF BY CIRCUMSTANTIAL EVIDENCE</u>

A discriminatory motive, intent or state of mind may be proved by indirect or circumstantial evidence.  You may examine the actions and words of Ms. Nance and Ms. Brennan, and all of the surrounding circumstances, to help you determine the motive, intent or state of mind of Ms. Nance and Ms. Brennan when they decided not to cash plaintiff's check. Indirect or circumstantial evidence permits you to draw reasonable inferences from facts in evidence.  The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference.

Keep in mind that "conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative" cannot provide a basis for proof of a discriminatory motive, intent or statement of mind.  *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001).

## INSTRUCTION NO. 12

## G.L. ch. 272, §98:  DISBELIEF OF DEFENDANT'S REASONS AS PROOF OF DISCRIMINATION

Evidence of discrimination can include proof that the reason given by Ms. Nance and Ms. Brennan for their decision not to cash plaintiff's check is not true; that is, that the reasons given by these employees were not the real reasons for the decision not to cash plaintiff's check.  If you find that plaintiff has proved, by a preponderance of the evidence, that the reasons given were not the real reasons that Bank of America did not cash the check, then you may, but you are not required, to find that the real reason for the decision not to cash plaintiff's check was because of his race.  The plaintiff always has the burden of proving, by a fair preponderance of the evidence, that a discriminatory motive was the determinative cause of this decision.  *See Weber v. Community Teamwork, Inc.,* 434 Mass. 761, 775-776 (2001) (plaintiff always bears burden of proving discriminatory animus was cause of termination); *Abramian v. President & Fellows of Harvard College,* 432 Mass. 107, 118 (2000) (if plaintiff shows that employer's stated reason for adverse action was not real reason for adverse action, employer may counter this evidence by showing that it had no discriminatory intent).

## INSTRUCTION NO. 13

## 42 U.S.C. § 1981 :  GENERAL STATEMENT OF CLAIM

The second count in plaintiff's complaint asserts a claim under a federal civil rights statute.  In relevant part, this federal statute provides that all persons have the same right to make and enforce contracts as is enjoyed by white citizens.  The plaintiff asserts that he was denied the right to enter into a contract with the Fleet Medway branch to cash a check because of his race, when Ms. Nance and Ms. Brennan did not cash his check.  42 U.S.C. §1981.

## INSTRUCTION NO. 14

## 42 U.S.C. § 1981 :  PRIMA FACIE CASE

In order to prove his claim that he was denied the right to enter into a contract to cash his check because of his race, plaintiff must first prove to you by a preponderance of the evidence that: "(1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers." *Williams v. Staples, Inc.,* 372 F.3d 662, 667 (4th Cir. 2004).

In this case, the parties agree that plaintiff is a member of a protected class.  You must find that plaintiff has established the other elements I have just set out.  Plaintiff claims he sought to enter into a contract with Fleet when he tried to cash his check at the Fleet Medway branch and was told to leave.  Bank of America asserts that plaintiff has failed to prove the third and fourth elements of his prima facie case.  According to Bank of America, plaintiff is unable to prove that he met the bank's ordinary requirements to enter into a contract to cash a check because he did not present two approved forms of identification, which is required for a non-Fleet customer to cash a check. With regard to the fourth element of his prima facie case, Bank of America asserts that plaintiff has failed to prove the fourth element, because he has failed to present evidence that he was treated differently than white customers of the Medway branch who attempted to cash a check with insufficient identification.  If you find that plaintiff has not proven by a preponderance of the evidence any of the other three elements I have just set out, then you must enter a verdict for the defendant, Bank of America.

## INSTRUCTION NO. 15

## 42 U.S.C. § 1981 :  DEFENDANT'S LEGITIMATE, NONDISCRIMINATORY REASONS

If you find that plaintiff has proved by a preponderance of the evidence the four elements I have just set out, then you must consider whether Bank of America has presented evidence of its legitimate, non-discriminatory reasons for not cashing plaintiff's check. Bank of America's burden is one of production only.  In other words, it is not Bank of America's burden to persuade you that these were the reasons for which Ms. Nance and Ms. Brennan did not cash plaintiff's check. *T & S Service Assocs., Inc. v. Crenson,* 666 F.2d 722, 724-25 (1st Cir. 1981).  *See also Williams v. Staples, Inc.,* 372 F.3d 662, 667-68 (4th Cir. 2004).

Here, Ms. Nance and Ms. Brennan have testified that they did not cash plaintiff's check because he did not present two approved forms of identification, as required by Fleet's check-cashing policy.  Ms. Brennan also testified that she would have made an exception to this policy if she had been able to reach Joy Odunukwe, the person who wrote the check, to confirm that Ms. Odunukwe had given the check to plaintiff, but Ms. Brennan was unable to reach Ms. Odunukwe by telephone.  It is for you to decide whether the bank has produced evidence of the reasons for the Medway branch's decision not to cash plaintiff's check.

## INSTRUCTION NO. 16

### 42 U.S.C. § 1981 :  PLAINTIFF'S PROOF OF DISCRIMINATION

If you find that Bank of America has produced evidence of the reasons Ms. Nance and Ms. Brennan did not cash plaintiff's check, then you must decide whether plaintiff has proved to you, by a preponderance of the evidence, that these reasons were not its true reason for not cashing plaintiff's check, but were instead a pretext for race discrimination.  In order to find for plaintiff, he must present "specific, nonconclusory factual" evidence to prove to you, by a preponderance of the evidence, that his race was the determining factor in the Fleet Medway employees' decision not to cash his check. *Patten v. Wal-Mart Stores East, Inc.,*  300 F.3d 21, 24-25 (1st Cir. 2002) (must prove animus was determining factor); *Scott v. Macy's East, Inc.*, 2002 WL 31439745, *4-5 (D. Mass. Oct. 31, 2002)(Gertner, J.) (quoting *Judge v. City of Lowell*, 160 F.3d 67, 77 (1st Cir. 1998), *overruled on other grounds in Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004)); *Williams,* 372 F.3d at 669 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

## INSTRUCTION NO. 17

## GENERAL INSTRUCTION ON DAMAGES

If you find, based on the foregoing instructions, that plaintiff has not proven to you by a preponderance of the evidence that Ms. Nance and Ms. Brennan discriminated against him because of his race, then your verdict must be for the defendant Bank of America. If you find, based on the foregoing evidence, that plaintiff has proven to you, by a preponderance of the evidence, that Ms. Nance and Ms. Brennan discriminated against him because of his race when they did not cash his check, then, and only then, you must determine the amount of damages, if any, that will fairly compensate the plaintiff. These instructions on damages are intended to assist you if you reach this issue. The fact that you are instructed on damages is not to be considered by you as suggesting that you must consider damages or that I have an opinion on the outcome of this case. The following instructions are given for your guidance, in the event that you should find for the plaintiff on the question of liability, by a preponderance of the evidence and in the event that you decide that damages are warranted by the evidence.

## INSTRUCTION NO. 18

## EMOTIONAL DISTRESS DAMAGES

You can only award damages that have been proven.  The law does not allow you to presume that plaintiff has been injured, nor is he automatically entitled to damages.  The law requires plaintiff to present competent evidence of actual injury in order to recover damages under his claims.

In this case, the plaintiff has presented no evidence of economic loss.  Instead, he claims that he is entitled to recover for the emotional distress allegedly caused when the Fleet Medway branch did not cash his check.  To recover emotional distress damages, plaintiff must show that he suffered an actual injury caused by the denial of his civil right.  Unless plaintiff has presented evidence of the nature and extent of his alleged emotional injury, you may not award him damages for emotional distresss. *Azimi v. Jordan's Meats, Inc.,* 456 F.3d 228, 234-235 (1st Cir. 2006); *Davet v. Maccarone,* 973 F.2d 22, 29-30 (1st Cir. 1992) (citing *Carey v. Piphus,* 435 U.S. 247, 264 & n.20 (1978)).  Emotional distress cannot be inferred or presumed.  A "finding of discrimination . . . is insufficient by itself . . . to permit an inference of emotional harm. . . . [E]motional distress, to be compensable, must be proved by substantial evidence of the emotional suffering that occurred, as well as substantial evidence of a causal connection between the [plaintiff's] emotional distress and the [defendant's] unlawful act."  *DeRoche v. MCAD,* 447 Mass. 1, 7 (2006).

## INSTRUCTION NO. 19

## CAUSAL CONNECTION REQUIRED FOR EMOTIONAL DISTRESS DAMAGES

If you find that the plaintiff's emotional distress was not caused by the actions of Ms. Nance and Ms. Brennan, or that the cause of his emotional distress is not obvious or is not one that is within your common knowledge and experience, you may not conclude that a causal connection exists between the alleged emotional distress and the alleged discrimination. Emotional distress from circumstances other than the failure of Bank of America to cash the check, or from a condition existing prior to the alleged discrimination by Bank of America, is not compensable. Some factors that should be considered include the nature and character of the alleged harm; the severity of the harm; the length of time plaintiff has suffered and reasonably expects to suffer; and whether plaintiff has attempted to mitigate the emotional harm. The fact that plaintiff has not sought any counseling or mental health treatment, nor has he presented any medical or psychological records, may be considered in your decision as to whether plaintiff has proven to you that he has suffered emotional distress that should be compensated. *See Stonehill College v. Massachusetts Comm'n Against Discrimination,* 441 Mass. 549, 576-577 (2004); *Boston Public Health Commission v. MCAD*, 67 Mass. App. Ct. 404, 413 (2006). *See also Moody v. Maine Cent. R. Co.*, 823 F.2d 693, 695 (1st Cir. 1987) (quoting W.P. Keeton, *The Law of Torts* 269 [5th ed. 1984]). *See also Contardo v. Merrill Lynch*, 753 F. Supp. 406, 412 (D. Mass. 1990) (court declined to award damages for emotional distress because plaintiff had not established the causal connection between emotional distress and alleged discrimination).

# INSTRUCTION NO. 20

## EMOTIONAL DISTRESS DAMAGES BASED ON THE EVIDENCE

You may not speculate or guess about damages.  Any damages you award must have a reasonable basis in the evidence, must not be based on speculation or guesswork, and must be caused by the alleged discrimination.   The plaintiff bears the burden of proof on damages.  You must decide whether plaintiff has proven with certainty that he has been injured.  If you are going to award any amount, this amount also has to be proven and you may not speculate as to what those damages are.  You must base the amount, if you decide to award an amount, upon consideration of the evidence before you and then with that evidence, try to determine in as precise a manner as possible what you think is a fair and adequate compensation for what plaintiff has suffered.  So the first question you must answer is, did he suffer any damages?  If your answer to this question is no, then you may not award plaintiff any amount for emotional distress damages.  If you find he did suffer damages, you must then ask whether the damages were proximately caused by the alleged discriminatory act?  You may only award damages if you find that plaintiff suffered damages that were caused by the alleged discrimination.  *Adapted from:  Davet v. Maccarone,* 973 F.2d 22, 30 n.5 (1st Cir. 1992).

An award must rest on substantial evidence and its factual basis must be made clear on the record.  You may only award damages that the plaintiff has proved to a reasonable degree of certainty by the evidence introduced in this case.  *See Conway v. Electro Switch Corp*., 402 Mass. 385, 388 (1988); *see also Handrahan v. Red Roof Inns, Inc.*, 43 Mass. App. Ct. 13, 24 (1997) (damages must not be based on speculation or guess and must have adequate support in record).

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NG

_____
                                    )
JAY ODUNUKWE, ESQ.                  )
                    Plaintiff,      )
                                    )        DEFENDANT'S PROPOSED
        v.                          )        SPECIAL VERDICT FORM
                                    )
BANK OF AMERICA                     )
                    Defendant.      )
_____)

### Count II:  G.L. c. 272, §98.

1.      Has the plaintiff proven by a preponderance of the evidence that 1) he is a

member of a protected class, 2) he was denied or restricted in access to a place of public

accommodation, and 3) there is evidence from which it can be inferred that there is a

causal connection between plaintiff's protected class and the denial of access to the place

of public accommodation?

                        YES _____        NO _____

        If your answer to Question 1 is "NO," please go to Question 3.   If your answer to

Question 1 is "YES," go to Question 2.


2.      Has the plaintiff proven by a preponderance of the evidence that the reasons given by

Bank of America for the Medway branch's decision not to cash his check are not the real reasons

his check was not cashed, and that the real reason was because of his race?

                        YES _____        NO _____

If your answer to Question 2 is "NO," please go to Question 3.   If your answer to Question 2 is "YES," go to Question 3.


## Count IV:  42 U.S.C. §1981

3.    Has the plaintiff proved by a preponderance of the evidence that (1) he is a
member of a protected class; (2) he sought to enter into a contractual relationship
with the defendant; (3) he met the defendant's ordinary requirements to pay for
and to receive goods or services ordinarily provided by the defendant to other
similarly situated customers; and (4) he was denied the opportunity to contract for
goods or services that was otherwise afforded to white customers?

YES _____      NO _____

If your answer to Question 3 is "NO," please have the foreperson sign this verdict form and notify the Court officer.  If your answer to Question 3 is "YES," go to Question 4.


4.    Has plaintiff proved to you, by a preponderance of the evidence, that the reasons given by
Bank of America for the Medway branch's decision not to cash plaintiff's check were not the
true reasons for not cashing the check, but were instead a pretext for race discrimination?

YES _____      NO _____

If your answer to Question 4 is "NO," please have the foreperson sign this verdict form and notify the Court officer.  If your answer to Question 4 is "YES," go to Question 5.

<u>DAMAGES</u>

5.      If you answered "YES" to Questions 1 and 2, or to Questions 3 and 4, please state the

amount, if any, which would compensate the plaintiff for any emotional distress resulting from

the Medway branch's decision not to cash his check in May 2002.


_____ (in words)

$_____ (in figures)


_____        _____

Foreperson                                          Date