UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

_____
)
JAY ODUNUKWE, ESQ.                  )
            Plaintiff,      )
                                    )
v.                                  )
                                    )
BANK OF AMERICA                     )
            Defendant.      )
_____ )

**<u>DEFENDANT BANK OF AMERICA'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON ALL CLAIMS OF THE PLAINTIFF'S CASE</u>**

Pursuant to Fed. R. Civ. Procedure Rule 50, at the close of plaintiff's case, the defendant, Bank of America, N.A. (hereinafter referred to as "Fleet") moves for judgment as a matter of law on all claims of the plaintiff's case.

**<u>Count II – M.G.L. Ch. 272 §98</u>**

Count II alleges violation of M.G.L. 272, §98. Judgment as a matter of law should be allowed on this count because no reasonable jury could find that plaintiff has proven an essential element of this claim, namely that he was discriminated against on the basis of his race.

To establish a claim of race discrimination in violation of section 98 requires a showing that:

> 1) [plaintiff] is a member of protected class, 2) he/she was denied or restricted in access to a place of public accommodation, and 3) there is evidence from which it can be inferred that there is a causal connection between [plaintiff]'s protected class and the denial of access to the place of public accommodation.

*Haney v. Fenway Texaco et al*, 28 M.D.L.R. 50, 52 (2006)) (citations omitted).[1]  In the captioned case, plaintiff has satisfied the first prong of the prima facie case.   Plaintiff has failed to satisfy the second prong, as he testified that the employees at the Medway branch attempted to assist him.   Plaintiff has also failed to satisfy the third prong of the prima facie case, as he has presented no evidence of a causal connection between his race and the alleged denial of access to the Medway Fleet branch.

Plaintiff testified that Ms. Brennan invited him in to her office and made a phone call.  He also admitted that neither Ms. McHardy nor Ms. Brennan mentioned his race or made any derogatory comments to him.  He has no evidence that similarly situated white customers were treated differently than him. Plaintiff's claim rests solely on his belief that he was not allowed to cash his check because of his race.  "The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment." *LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) (citing *Local No. 48, United Bhd. Of Carpenters & Joiners v. United Bhd. Of Carpenters & Joiners,* 920 F.2d 1047 (1st Cir. 1990)(trial court granted summary judgment related to incident in which plaintiffs left restaurant after being told falsely that restaurant stove was broken, because no inference of racial animus existed sufficient to allow incident to proceed to trial).

Plaintiff has failed to produce any evidence that Ms. McHardy and Ms. Brennan refused to cash his check because of his race, nor has he presented evidence from which a

---

[1] The Massachusetts appellate decisions relating to chapter 272 claims primarily concern the issue of what constitutes a place of public accommodation and do not appear to have addressed the requirements for proof of a claim under this chapter.  As the MCAD is charged with the initial investigation and enforcement of civil claims under chapter 272, Fleet has looked to MCAD decisions for the analysis to be employed in evaluating plaintiff's chapter 272 claim.

causal connection between the alleged denial of service and his race could reasonably be inferred. As a result, no reasonably jury could find that he has satisfied the third prong of his *prima facie* case under section 98, and judgment as a matter of law must be granted as a result. *Scott v. Macy's East, Inc.,* 2002 WL 31439745, *6, 8 (D. Mass. 2002)(Gertner, J.) (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 19 (1st Cir. 1989), *overruled on other grounds in Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004))$^2$ (plaintiff's conviction that he was victim of racial profiling insufficient to raise inference of discriminatory intent under M.G.L. c. 272, §98, 42 U.S.C. §2000a, and 42 U.S.C. §1981, among other claims); *Jones v. City of Boston*, 738 F. Supp. 604, 606 (D. Mass. 1990)(McNaught, J.)(although court denied summary judgment against certain defendants based on use of the term "nigger," court granted summary judgment on behalf of defendant Alvarado because plaintiff made no showing that Alvarado "himself made racially derogatory remarks against plaintiff, nor is there any evidence that Alvarado's motive in forcing [plaintiff] to leave the hotel was a pretext for a racially discriminatory purpose."). *See also Gutierrez v. MBTA*, 437 Mass. 396, 411 (2002)(holding trial judge did not err in refusing to instruct jury on a separate civil rights violation based on M.G.L. c. 272, §§92A and 98, because plaintiffs did not present evidence that defendants sought to exclude them from the subway station on the basis of race or any other prohibited basis). *Cf. Beasley v. Aramark Uniform and Career Apparel*,

---

$^2$ Based on Supreme Court precedent, the *Educadores* decision overruled the heightened pleading requirement for civil rights imposed in *Judge v. City of Lowell, infra,* and *Dartmouth Review v. Dartmouth College*. The obligation of the party with the burden of proof not to rely on "bald assertions [and] unsupportable conclusions," and to produce significantly probative evidence of discrimination in opposition to a summary judgment motion on civil rights claims, is unaffected by the *Educadores* decision. *Educadores*, 367 F.3d at 67-68.

2006 WL 1216622, *4 (D. Mass. 2006) (Gorton, J.) (comment that "your kind loves to sell drugs" insufficient to present jury question on claim of employment discrimination based on race).

**Count IV – 42 U.S.C. §2000a**

To the extent it alleges violation of 42 U.S.C. 2000a, judgment as a matter of law should be allowed because:

1. The bank is not a place of business accommodation;

2. No reasonable jury could find that he was discriminated against on the basis of his race when his check was not cashed at the Medway branch;

3. That only equitable relief is recoverable under 42 U.S.C. 2000a and plaintiff is not seeking equitable relief.

4. No reasonable jury can find that plaintiff was denied his rights under either §2000a or 1981 because of his race.

A.   *Judgment must be granted in favor of Bank of America on plaintiff's claim of race discrimination under 42 U.S.C. §1981, because no reasonable jury could find that he was discriminated against on the basis of his race.*

Judgment must be granted in favor of Bank of America on plaintiff's claim under 42 U.S.C. §1981 for race discrimination because no reasonable jury could find that plaintiff has proved an essential element of his claim concerning whether he was discriminated against on the basis of his race. *Celotex*, 477 U.S. at 322-23. Plaintiff bears the burden of proof on this essential element at a trial, and judgment on Fleet's behalf is mandated by his failure to make a sufficient showing on this issue.

Section 1981 prohibits intentional discrimination based on race with respect to the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full

and equal benefit of all laws and proceedings for the security of persons and property . . . ." 42 U.S.C. §1981(a).  To state a claim under section 1981, plaintiff must show:

> (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute.

*Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)).  Plaintiff's claims that he was discriminated against in the right to make and enforce an alleged contract with Fleet to cash a check. *See* 42 U.S.C. §1981(b).

Plaintiff satisfied the first element of this claim, namely that he is a member of a racial minority.  Plaintiff's claim founders, however, on the second essential element, that Fleet discriminated against him on the basis of his race.  Plaintiff made no showing of discriminatory intent.  "The conclusion of discrimination must have 'specific, nonconclusory factual' support...," and plaintiff has presented no such evidence in this case. *Scott v. Macy's East, Inc.*, 2002 WL 31439745, *4-5 (D. Mass. Oct. 31, 2002)(Gertner, J.) (quoting *Judge v. City of Lowell*, 160 F.3d 67, 77 (1st Cir. 1998), *overruled on other grounds in Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004)) (in granting summary judgment on §1981 claim, court held that plaintiff's claim of a freeze placed on his credit card implicated a contract right, but that plaintiff had failed to present sufficient evidence of race discrimination when "sum total of evidence offered by [plaintiff is his] own conviction that he was a victim of racial profiling" and an inadmissible statement of an American Express representative).

Plaintiff has shown only that the teller and the branch manager refused to cash his check when he presented sufficient identification and told him to leave the branch.  He

testified that no comments were made about his race by either the teller or the branch manager, nor were any derogatory comments made to him. He has produced no evidence of white customers being treated differently than he was. None of his testimony directly shows any discriminatory intent, nor does it raise an inference of racial animus.[3] *See Overby v. Chase Manhattan Bank & J.P. Morgan Chase*, 351 F. Supp.2d 219, 224 (S.D.N.Y. Jan. 3, 2005) (court granted summary judgment on plaintiff's "make and enforce" contracts claim under §1981, finding no evidence to support an inference that defendant had intent to discriminate against plaintiff when defendant failed to suggest investment options to plaintiff, as plaintiff produced no evidence that white customers were treated differently, nor could discriminatory intent be inferred from fact that plaintiff was asked for identification when depositing $19,000 check); *Wiggins v. Rhode Island*, 326 F. Supp.2d 297, 311 (D.R.I. 2004) (court held that plaintiff's "factual proffer" on issue of intent did not "raise[] any inference of racial animus in decision to stop, search, forcibly restrain, or arrest plaintiff; evidence included false testimony by police officers, completion of reports and tickets with false information, not stopping for plaintiff after first alleged traffic infraction, and assorted other criticisms of officers).

---

[3] Any inference of discrimination is particularly unwarranted in this case, even under plaintiff's version of the facts. It is unreasonable to assume that Fleet intended to discriminate against plaintiff on the basis of race when bank policy required a non-Fleet customer cashing a check over $500 to present two acceptable forms of identification; the teller looked at plaintiff's identification, informed him that he needed a driver's license and major credit card, and went to the branch manager for assistance; the branch manager also looked at plaintiff's identification and informed him that he needed a driver's license and major credit card, and went to the extra effort of attempting to reach Ms. Odunukwe, the maker of the check. A branch manager intent on discriminating against plaintiff would not have invited plaintiff into her office and made phone calls in an effort to assist plaintiff in being able to cash his check. In addition, no inference can be drawn from the fact that plaintiff cashed the check in the Medfield branch, as the situations were not similar. The check that plaintiff cashed in Medfield does not note any credit card type or expiration date on it, as would be required under bank policy.

Plaintiff can point to no competent evidence that the actions of the teller and branch manager "stemmed from something other than a race-neutral reaction" to the encounter with plaintiff. *See Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 347 (1st Cir. 1995) (summary judgment on §1981 affirmed, as plaintiff presented no competent evidence that defendants intentionally discriminated against her on account of her race; court ruled that, "absent probative evidence that Domina's petulance stemmed from something other than a race-neutral reaction to the stressful encounter plainly evidenced in the summary judgment record, including [plaintiff's] persistence (however justified)," district court properly excluded conclusory lay opinions of discrimination). Plaintiff's lack of evidence on this essential element of his claim mandates judgment in Fleet's favor.

"Disputes generally arise out of mutual misunderstanding, misinterpretation and overreaction, and without more, such disputes do not give rise to an inference of discrimination." *Alexis*, 67 F.3d at 347-48 (quoting and citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 18 (1st Cir. 1989), *overruled on other grounds in Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004))[4] (internal quotations and citations omitted). In this case, there is nothing more. There is only plaintiff's overreaction to what was, at most, a misunderstanding regarding acceptable forms of identification for a non-Fleet customer to cash a check. "Given the absence of any meaningful evidence of discriminatory intent," Fleet's Cross-Motion for

---

[4] Bas on Supreme Court precedent, the *Educadores* decision overruled the heightened pleading requirement for civil rights imposed in *Judge v. City of Lowell, supra,* and *Dartmouth Review v. Dartmouth College*. The obligation of the party with the burden of proof to produce significantly probative evidence of discrimination, in opposition to a summary judgment motion on civil rights claims, is unaffected by the *Educadores* decision.

Judgment as a matter of law must be granted for failure to satisfy this essential element of his claim. *Wiggin*, 326 F. Supp.2d at 311.

>Respectfully submitted,
>
>BANK OF AMERICA, N.A.
>By its attorneys,
>
>_____*/s/ Donn A. Randall*_____
>Donn A. Randall, BBO No. 631590
>Carol E. Kamm, BBO No. 559252
>Bulkley, Richardson and Gelinas, LLP
>One Post Office Square, Suite 3700
>Boston, Massachusetts 02109
>Tel: (617) 368-2500
>Fax: (617) 368-2525

Dated: November 14, 2007