UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:05-cv-10324NMG

| | |
|---|---|
| JAY ODUNUKWE, ESQ. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA | ) |
| Defendant. | ) |

**OPPOSITION OF DEFENDANT, BANK OF AMERICA, TO PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Pursuant to Rule 24 of the Federal Rules of Appellate Procedure, the defendant, Bank of America, N.A. (hereinafter referred to as "Bank of America") opposes appellant Jay Odunukwe's Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). The reasons for this Opposition are set forth below.

**I.   Appellant's Application should be denied because it fails to comply with Rule 24 and demonstrates that appellant has the ability to pay for the appeal.**

Under Rule 24 of the Federal Rules of Appellate Procedure, in order to proceed in forma pauperis, appellant must file a motion, which in turn "must attach an affidavit that (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (c) states the issues that the party intends to present on appeal." F.R.A.P. 24(a)(1). Appellant filed a Notice of Appeal of the Judgment in favor

of Bank of America and the Application on December 7, 2007.[1] These documents were not served on Bank of America until December 17, 2007. To the extent that appellant's Application is considered a motion filed pursuant to Rule 24, Bank of America opposes the Application, because it fails to comply with this rule. Specifically, the Application fails to claim an entitlement to redress or to state the issues that appellant intends to present on appeal. F.R.A.P 24(a)(1). Such information is required and, moreover, is crucial to the Court's determination of whether the appeal is taken in good faith, and whether appellant is entitled to proceed *in forma pauperis*. F.R.A.P. 24(a)(4). In fact, Bank of America believes that appellant can state no valid ground to appeal from the jury's verdict in the Bank's favor.[2]

In addition, the Application should be denied because it demonstrates that appellant has the ability to pay for his appeal. Appellant is an attorney who is single, has no dependents, earns $44,000 a year, and jointly owns real estate in which he has $17,000 in equity.[3] Under these circumstances, taxpayer funds should not be used to fund appellant's appeal of the Judgment entered in favor of the Bank. If appellant believes this appeal has merit, he should be required to use his own funds to pay for the costs of pursuing this appeal, and to pay the costs incurred by Bank of America if his appeal is unsuccessful.

---

[1] The jury verdict and judgment in favor of Bank of America was entered on the docket on November 15, 2007.

[2] It is unclear whether appellant's Notice of Appeal was properly filed, in light of his failure to comply with the requirements of Rule 24.

[3] This Court may take judicial notice of the federal poverty guidelines used by the U.S. Department of Health and Human Services to determine financial eligibility for certain federal programs, which state that the 2007 poverty guideline for a single person in Massachusetts is $10,210. *See* http://aspe.hhs.gov/poverty/07poverty.shtml.

Bank of America has not yet filed a motion for costs of the trial of this matter. However, the Bank fully intends to seek its costs and, if possible, multiple costs and fees if there is an appeal of this matter. Bank of America strongly believes that any appeal of the Judgment would be frivolous and without any merit whatsoever. The evidence presented at trial overwhelmingly supported the jury's verdict in favor of the Bank. While plaintiff testified that he had presented an American Express card as a second form of identification at the Medway and Medfield Fleet branches, five witnesses from these branches testified that he did not present an American Express card, and the check that he cashed does not indicate that a credit card was used as a form of identification. In addition, there was no evidence of racial or derogatory comments or references, or any other evidence indicating that appellant's race was the reason his check was not cashed at the Medway branch. Appellant's claims of race discrimination were found to be without any merit.

The Bank has already incurred substantial expense in defending itself against plaintiff's claims at trial. If it is forced to defend the jury's verdict in a baseless appeal of this matter, the Bank should not be precluded from recovering its costs and, as applicable, its fees from appellant. Indeed, Bank of America asks that appellant be required "to file a bond or provide other security" sufficient to ensure payment of the Bank's costs on appeal. F.R.A.P. 7. If appellant is allowed to proceed in forma pauperis, he may proceed without providing such security. F.R.A.P. 24(a)(2).

For the reasons set forth above, Bank of America asks this Court to deny appellant's Application and to require appellant to give a bond or other security pursuant

to Rule 7 to ensure payment of Bank of America's costs on appeal.

             Respectfully submitted,

             BANK OF AMERICA, N.A.
             By its attorneys,

             */s/ Donn A. Randall*
             Donn A. Randall, BBO No. 631590
             Carol E. Kamm, BBO No. 559252
             Bulkley, Richardson and Gelinas, LLP
             One Post Office Square, Suite 3700
             Boston, Massachusetts 02109
             Tel: (617) 368-2500
             Fax: (617) 368-2525

Dated: December 21, 2007

## CERTIFICATE OF SERVICE

  I, Donn A. Randall, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on December 21, 2007.

             */s/ Donn A. Randall*
             Donn A. Randall